STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 123-10-16 Vtec

| Champlain Parkway Wetland CU Determination |
| --- |

## ENTRY REGARDING MOTION

Count 1, ANR Wetland Time Extension Request (123-10-16 Vtec)

Title:            Motion to Dismiss Clarified SOQ #7 (Motion 8)

Filer:            City of Burlington

Attorney:      Brian S. Dunkiel

Filed Date:    May 22, 2017

Response in Opposition filed on 06/06/2017 by Attorney Judith L. Dillon for
    Appellant Fortieth Burlington, LLC

Reply in Further Support filed on 06/19/2017 by Attorney Jonathan T. Rose for
    Appellee/Applicant City of Burlington

**The motion is GRANTED.**

        This is an appeal of the Vermont Agency of Natural Resources' ("ANR") 2016 decision to grant an extension to a 2011 wetland conditional use determination ("2011 CUD"). The City of Burlington ("City") has filed a motion to dismiss Fortieth Burlington, LLC's ("Fortieth") Clarified Statement of Question 7. The City argues the question submitted, now with sub-parts, reiterate questions previously dismissed by the Court, thereby seeking to introduce issues beyond the scope of this appeal. The Court agrees.

        In its April 14, 2017 Decision, the Court ordered Fortieth to clarify Question 7 due to overbreadth. Fortieth submitted a clarified Question 7 with six subparts:

- Question 7(a) asks "[w]hether the time extension complies with the Vermont Water Quality Standards, including the Hydrology Policy, Hydrology Standards, and Hydrology Criteria, and Discharge Policy, Water Quality Criteria, and the Anti-degradation Policy?"

- Question 7(b) asks "[w]hether the extension . . . complies with the Vermont Wetland Rules?"

- Question 7(c) asks "[w]hether the time extension . . . complies with the Vermont Wetland Statute, 10 V.S.A. § 913?"

- Question 7(d) asks "[w]hether the extension . . . will have an undue adverse impact on the functions and values of significant wetlands?"

- Question 7(e) asks "[w]hether the extension . . . meets the requirements for granting an extension under the Vermont Wetland Rules, and the 2011 CUD permit?"

- Question 7(f) asks whether the time extension request was insufficient and incomplete as it did not evaluate impacts to additional wetlands not identified as impacted in the 2011 CUD.

The Court is not convinced that the clarified Question 7 has remedied the original Question's overbreadth. A statement of questions is intended to limit the scope of review to the specific issues raised on appeal. V.R.E.C.P. 5(f). It should put the other parties on notice of the basis of the challenge. In re Rivers Development, LLC, No. 7-1-05 Vtec, 68-3-07 Vtec, slip op. at 14 (Vt. Envtl. Ct. Jan. 8, 2008) (Durkin, J.). Therefore, the Court generally requires that a statement not be overly vague. See id. While Question 7 is now more specific, its subparts are very expansive; so expansive, in fact that they cause the Court to wonder whether they exceed the jurisdiction of the legal issues that we may lawfully address in this appeal.

In response to Fortieth's revised Questions 7, the City filed a motion to dismiss, arguing that the clarified Question raises issues that fall outside the scope of the time extension application that is the subject of this appeal. For the reasons stated below, we agree with the City's assessment.

We proceed with this analysis with extreme caution, since motions to dismiss "must satisfy an exceptional legal standard." In re G & D, LLC Permit Application, No. 125-9-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Nov. 7, 2013) (Walsh, J.). When considering such a motion, we "assume as true all facts as pleaded [by the nonmoving party], accept as true all reasonable inference[s] derived therefrom, and assume as false all contravening assertions in the [moving party's] pleadings." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420. At the same time, we "are not required to accept as true the legal conclusions or unwarranted deductions of fact drawn by the non-moving party." Felis v. Downs Rachlin Martin PLLC, 2015 VT 129, ¶ 14, 200 Vt. 465 (quoting Scalisi v. Fund Asset Mgmt., L.P., 380 F.3d 133, 137 (2d Cir. 2004)).

Fortieth appears to complain that we have disregarded facts that it has presented. We explain our actions as follows: having reconsidered our April 14, 2017, Decision, we continue to believe that we have followed the precedent of Birchwood and its progeny. In making this determination, we note that "[w]hat facts are material in any case is determined by the legal issues properly raised in the pending litigation." See Vermont Turquoise Hospitality, LLC, No. 131-8-14 Vtec, slip op. at 3 (Vt. Super. Envtl. Div. Jun. 24, 2015) (Durkin, J.) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of . . . judgment.")). With this precedent in mind, we conclude that we have considered all material facts in the appropriate light.

The scope of the present appeal is limited to the 2016 CUD time extension amendment. The only requirements set out in the 2011 CUD for granting a time extension were that the

request must be made not less than 30 days prior to the original expiration date and may only be granted for an additional five-year period. There is no dispute that the City filed a timely request.

Fortieth argues that its clarified Question, with sub-parts, are properly before the Court because ANR required a re-delineation of project wetlands prior to granting an extension. In support of this, Fortieth relies exclusively on an ANR response to a public comment on the 2011 CUD. However, no such condition appears in the terms of the permit. When interpreting permit terms, we seek to implement the drafter's intent by first looking to the plain meaning. Sec'y, Vermont Agency of Nat. Res. v. Handy Family Enterprises, 163 Vt. 476, 481 (1995). The Court will not look further than the permit language if the meaning is plain on its face. In re Weeks, 167 Vt. 551, 554 (1998). The 2011 CUD language is plain on its face. The Court therefore will not look to extrinsic evidence, such as a response to a public comment, in construing it.

Insofar as Question 7 and its sub-parts address the terms of the 2011 CUD rather than the 2016 amendment, it is an impermissible collateral attack on a final decision. Levy v. Town of St. Albans Zoning Bd. Of Adjustment, 153 Vt. 139, 142 (1989); see also In re Unified Buddhist Church, Inc., 2006 VT 50, ¶¶ 13—20, 180 Vt. 515 (mem.) (applying the finality rule to ANR permit decisions). The 2011 CUD is a decision made final by the lack of a timely appeal and may not now be collaterally attacked in this appeal. Questions 7(a), (b), (c), (d), and (e) impermissibly seek to collaterally attack the 2011 CUD and thus are not proper in this appeal.[1] The City's motion to dismiss these questions is **GRANTED**.

As the 2011 CUD only authorized impacts in Wetland H/I, impacts to other wetlands are not authorized by the 2011 CUD and are not relevant to the present appeal of the extension of the deadline to complete the work authorized by the 2011 CUD. Fortieth argues that impacts to other wetlands are fit for review by the Court as ANR requested information regarding changes in impacts to project wetlands. The Court disagrees. Impacts to other wetlands are not relevant to whether the extension of the 2011 CUD should have been granted. As Question 7(f) addresses impacts to Wetlands G and Y, it is outside the scope of this appeal. For this additional reason, we reach the same result: the City's motion to dismiss Question 7(f) must be **GRANTED.**

The Court has simultaneously issued an Order denying Fortieth's motion to alter or amend the Court's April 14, 2017 Decision. The April 14, 2017, Decision also disposed of Fortieth's Questions 1 through 4, 11 and 12. As there are no more issues before the Court, this matter is concluded.

A Judgment Order accompanies these two Entry Orders.

---

[1] The Court notes that Questions 7(b) and (c) mirror previously-dismissed Questions 1 and 2, respectively, with the main difference being the substitution of the word "project" with "extension." The Court dismissed both Questions 1 and 2 as being impermissible attempts to challenge the 2011 CUD. Fortieth's minor changes are not a departure from Questions 1 and 2.

**So Ordered.**

Electronically signed on October 10, 2017 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge


Notifications:

Judith L. Dillon (ERN 5040), Attorney for Appellant Fortieth Burlington, LLC

Randy Joe Miller (ERN 7037) and Hannah W. Smith (ERN 6759), Attorneys for the Vermont Agency of Natural Resources

Brian S. Dunkiel (ERN 4594) and Jonathan T. Rose (ERN 2170), Attorneys for Appellee/Applicant City of Burlington