2011 VT 27

# David Coutu v. Town of Cavendish, Vermont Transportation Board and Vermont Agency of Transportation

[19 A.3d 160]

No. 10-153

Present: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

Opinion Filed February 25, 2011

*Mark G. Hall* and *Gavin J. Boyles* of *Paul Frank + Collins P.C.*, Burlington, for Plaintiff-Appellant.

*Matthew T. Birmingham, III*, of *Birmingham & Moore, P.C.*, Ludlow, for Defendant-Appellee Town of Cavendish.

*William H. Sorrell*, Attorney General, and *Daniel D. Dutcher*, Assistant Attorney General, Montpelier, for Defendant-Appellee Agency of Transportation.

¶ 1. **Reiber, C.J.** Plaintiff, David Coutu, is a helicopter pilot seeking to build a helipad on his property. After the town of Cavendish (Town) would neither grant him approval for the helipad nor send a letter to the Vermont Transportation Board (the Board) explaining that it had no zoning ordinance — and thus no authority upon which to base an approval or denial — plaintiff attempted to apply for a permit directly to the Board. He was denied consideration for lack of municipal approval and so sought a declaratory ruling from the Board as to the scope of the Town's authority in these matters; however, the Secretary of the Board refused a hearing. Before the trial court, plaintiff sought: (1) an injunction directed at the Town requiring it to grant approval of his proposed helipad and to admit that it lacked authority to withhold approval; (2) review of the Board Secretary's

refusal of his petition for declaratory ruling; and (3) an injunction directed at the Board requiring it to consider his petition on the merits.

¶ 2. Defendant Town moved to dismiss plaintiff's claim for an injunction against it arguing that the trial court lacked subject matter jurisdiction because plaintiff failed to appeal the Town's decision within 30 days as required by Vermont Rule of Civil Procedure 75. The trial court granted this motion, noting Rule 75 was plaintiff's exclusive means to bring this claim. State defendants (the Board and the Vermont Agency of Transportation) moved to dismiss plaintiff's request for an injunction against the Board for lack of subject matter jurisdiction because plaintiff failed to appeal from the Board's decision that plaintiff's application was administratively incomplete. The trial court granted this motion as well. Finally, State defendants moved to dismiss on the ground that the trial court lacked subject matter jurisdiction over plaintiff's petition for declaratory judgment because the petition "impermissibly s[ought] to overturn the Board's prior adjudication of his rights rather than resolve rights that have not previously been determined." The trial court did not explicitly take up plaintiff's challenge to the State Board's refusal to hear his petition for declaratory ruling but nevertheless granted defendants' motions to dismiss on all counts.

¶ 3. We agree with the trial court's dismissal of plaintiff's request for an injunction against the Town because Rule 75 was plaintiff's exclusive remedy in that matter, and he did not file an appeal within its limitations period. We thus affirm the grant of summary judgment to the Town. However, we disagree with the trial court's ruling as to the remainder of plaintiff's claims. We reverse and remand the trial court's grant of summary judgment to the State defendants on the portion of plaintiff's complaint seeking review of the Board's refusal of his petition for declaratory ruling and on the portion of plaintiff's complaint seeking an injunction directed at the Board requiring it to consider his motion on the merits.[*]

¶ 4. We review the trial court's decision to grant a motion to dismiss de novo, taking all facts alleged in the complaint as true and in the light most favorable to the nonmoving party. *Nichols v.*

---

[*] We do not reach plaintiff's motion to supplement the record filed October 11, 2010, as we come to our conclusion on other grounds.

*Hofmann,* 2010 VT 36, ¶ 4, 188 Vt. 1, 998 A.2d 1040; *Robertson v. Mylan Laboratories, Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356, 848 A.2d 310.

¶ 5. In order for plaintiff to build a private landing site at his home in Cavendish, he must first obtain a certificate of approval from the Board. 5 V.S.A. § 207. The process for obtaining this approval is laid out in 5 V.S.A. § 207(d). The statute reads in pertinent part: "The application shall be supported by documentation showing that the proposed facility has received municipal approval." 5 V.S.A. § 207(d). This requirement is further developed by the Board-promulgated Aeronautics Rule 6.01(C), which appears to offer two alternative methods for local government approval:

> Local Government Approval. The landing area [must be] in conformance with the requirements of the local government in which situated with respect to land use (zoning) *or* ha[ve] the approval of the local governing body.

Aeronautics Rule 6.01(C), 8A Code of Vt. Rules 14 010 001-13 (emphasis added). The Town of Cavendish has no zoning ordinance.

¶ 6. Plaintiff has made several attempts to comply with the requirements of 5 V.S.A. § 207(d) and Aeronautics Rule 6.01. In 2008, plaintiff approached defendant Town to request that it send a letter to the Board explaining that it had no zoning ordinance upon which to rule and requesting a hearing so that "the state [could] take it over from there." Instead, the Town's five-member selectboard referred the matter to the Cavendish Planning Board on September 2, 2008. Nothing in the record establishes conclusively whether the Town's Planning Board had authority to review this matter. Nevertheless, the Planning Board issued a detailed memorandum concluding that the planned landing site was "not in conformance with the Cavendish Town Plan" and was "incompatible with the goals of the town to maintain the rural character of the town and avoid projects that create objectionable noise." The selectboard discussed the memorandum at several meetings, the final of which was held on October 7, 2008.

¶ 7. The minutes of that meeting reveal a selectboard admittedly confused as to the scope of its authority and duty. One member quoted that portion of 5 V.S.A. § 207(d) which requires "documen-

tation" showing "municipal approval," and noted that it put the selectmen in "a bit of a quandary," because the request before them was to send a letter indicating that no ordinance existed upon which they could rule. By their actions, it appears the selectboard concluded that, despite having no zoning ordinance under which they would have proper authority to adjudicate this matter, the statute itself might invest them with some authority. The selectboard members expressed that the subject was "certainly open to interpretation" and proceeded to take a poll on whether they would approve plaintiff's proposed helipad. However, the results of this poll were also ambiguous. Two members took a neutral stance, one felt the selectboard had no authority to deny or approve, but stated that he would deny, one said that he did not·approve "at this time" and one voted a straight denial. The selectboard then agreed to send a letter to the Transportation Board "expressing that a poll of the board was taken resulting in a vote of 3 members opposed to the helipad and 2 members remaining neutral." The letter, sent October 22, 2008, does not mention the concerns raised during the vote by at least one of the selectboard as to the scope of their authority to approve or deny the helipad.

¶ 8. Unable to obtain a letter from the Town either requesting a hearing or indicating that the Town had no zoning ordinance upon which to rule, plaintiff attempted to file his application with the Board without it on October 27, 2008. However, the Vermont Agency of Transportation (Agency), which performs preliminary reviews of these applications, refused to forward the application to the Board, finding it incomplete for lack of municipal approval. In a letter dated September 22, 2009, counsel for the Agency explained that it had requested the Board take no action on plaintiff's application absent proof of municipal approval. According to the Agency's letter,

> [u]pon receipt of an application, [the Agency] customarily conducts a site visit and forwards the application, along with its comments, to the Board for a decision. In this case, [the Agency] has not conducted a site inspection, formulated any recommendations on the merits of the proposed helipad, or forwarded [plaintiff's] application to the Board for action because the application was not accompanied by proof of municipal approval.

The Agency explained in its letter that it interpreted Aeronautics Rule 6.01 to mean that "local government may look to its land-use requirements in deciding whether to approve an application or may reach its decision on other grounds to the extent its land-use requirements do not control. The statute and rule effectively grant the Town veto authority over the proposed helipad." Nothing in the rule or statute sheds light on whether this is the correct interpretation or whether the Agency is the correct body to make it.

¶ 9. On October 28, 2009, in response to the Agency's refusal to forward his application to the Board, plaintiff filed a petition for declaratory ruling with the Transportation Board. In his petition, plaintiff sought "a declaration from the Board concerning whether and how the provisions of 5 V.S.A. § 207(d) and Aeronautics Rule 6.01(C) appl[ied] to his application to operate a helipad for personal use in . . . a town with no zoning or other enforceable land-use regulations." Aeronautics Rule 16.07(b) mandates that "Petitions for declaratory rulings as to the applicability of any statutory provision or of any rule or order of the Vermont Aeronautics Board *will* be entertained by the Vermont Aeronautics Board." 8A Code of Vt. Rules 14 010 001-35 (emphasis added). However, the Board does not appear to have "entertained" plaintiff's petition. Rather, the Executive Secretary of the Board responded in a brief letter dated November 16, 2009, stating:

> I point you again to the language in Title 5, section 207(d): "The application shall be supported by documentation showing the proposed facility has received municipal approval."
>
> Lacking such municipal approval, the application is incomplete. The board cannot decide to ignore the statute by *scheduling a hearing on an application* that on its face is incomplete. If the aeronautics rules you cite contradict the statute, the statute rules.

(Emphasis added.) It should be noted that plaintiff was not using his petition to request the Board "schedul[e] a hearing on an application." He was requesting a declaratory ruling as to the meaning of the requirements of 5 V.S.A. § 207(d) and Rule 6.01(C) for his permit application under these circumstances. The language of Aeronautics Rule 16.07(b) requires the Board to entertain his request.

¶ 10. After the Secretary's summary denial of a hearing on plaintiff's petition, plaintiff filed his present complaint in the trial court on December 1, 2009. The court granted defendants' motions to dismiss on all counts.

### I. Injunction Directed at Town

¶ 11. At trial, plaintiff sought an injunction directed at the Town requiring it to grant his request for municipal approval and to communicate to the Board and the Agency that it lacked authority to withhold approval of his helipad in the absence of a zoning ordinance. The State and Town moved to dismiss, contending among other things that plaintiff was bound to appeal under Rule 75 within 30 days of the selectboard decision. The trial court granted defendants' motions on the grounds that the limitations period had run and that "Rule 75 was [plaintiff's] exclusive remedy." We agree.

¶ 12. Rule 75 provides for review of government action and states: "Any action or failure or refusal to act by an agency of the state or a political subdivision thereof, including any department, board, commission, or officer, that is not reviewable or appealable under Rule 74 . . . may be reviewed in accordance with this rule . . . ." V.R.C.P. 75(a). Rule 74 delineates the procedure for appeals from decisions of governmental agencies where a party is entitled to seek review of the decision by statute. V.R.C.P. 74(a). Thus Rule 75 allows for appellate remedy when a party is dissatisfied with state or municipal action but does not have a statutory right of direct appeal. There is no statutorily created right of direct appeal from the selectboard's decision to withhold its approval. Therefore, appeal under Rule 75 was plaintiff's exclusive remedy with regard to the selectboard's decision.

¶ 13. A party seeking review of a judgment under Rule 75 must "file[] within 30 days after notice of any action or refusal to act of which review is sought . . . and, in the event of a failure to act, within six months after expiration of the time in which action should reasonably have occurred." V.R.C.P. 75(c). Plaintiff made a formal request that the Town "send a letter indicating that there [wa]s no ordinance for them to rule on and . . . request[ing] a hearing" so that "the state [could] take it over from there." The Town did not send such a letter. Instead, the Town's selectboard took a quick approval poll and sent a letter expressing

its disapproval of the helipad. Plaintiff argues that this letter was not a final decision on his request and thus Rule 75's thirty-day limitations period has never started to run. But if plaintiff is correct in this assertion, then there can be no doubt that the Town has failed to act, which would trigger the rule's six-month limitations period. We agree with the trial court that "[i]t is not possible that neither an action or a refusal to act triggering the 30 day period nor a failure to act triggering the 6 month period has ever occurred." We thus conclude that even taken in the light most favorable to plaintiff the Rule 75 limitations period has run — either under the thirty-day period or the six-month period — and therefore the Town's action is no longer appealable under Rule 75.

## II. Petition for Declaratory Ruling

¶ 14. Plaintiff also seeks review of the Board Secretary's refusal to hear his petition for declaratory ruling. Because our statutes do not provide a method of direct appeal from approvals, denials, or failure to act on petitions for declaratory ruling, Rule 75 provided plaintiff with his exclusive method of review for this claim and the limitations periods, discussed above, apply. The Board's "decision" not to entertain the petition via the Secretary's letter was dated November 16, 2009. We find it questionable whether this letter from the Secretary was a decision *by the Board,* but resolution of this question is not necessary for the purposes of this claim. If the letter was a decision by the Board, Rule 75's thirty-day limitations period began to run on the date of the Secretary's letter, November 16, 2009. If the letter was not a decision by the Board, then it was a failure or refusal to act and Rule 75's six-month limitations period began to run on that date. Plaintiff filed his complaint challenging the Secretary's determination on December 1, 2009. Thus, the portion of the complaint seeking review of the Board Secretary's refusal to consider his petition was filed well within either the thirty-day or the six-month limitations period of Rule 75 and should have been considered by the trial court. Grant of summary judgment on this claim was improper, and we reverse and remand for consideration.

## III. Injunction Directed at State

¶ 15. Count II of plaintiff's complaint requested an injunction directed at the Transportation Board requiring it to consider

plaintiff's application on the merits. At trial, the Agency and the Board filed a motion to dismiss this portion of the complaint for lack of subject matter jurisdiction pursuant to Vermont Rule of Civil Procedure 12(b)(1). They argued that plaintiff impermissibly filed his complaint for an original action in lieu of taking a direct appeal from the Board's decision to dismiss his application as administratively incomplete. The trial court granted the motions to dismiss ruling that plaintiff's failure to avail himself of a direct appeal pursuant to Rule 75 foreclosed an original action on this subject.

▇ ¶ 16. As noted above, the statute which delineates the procedure for petitioning the Board for approval of a landing site is 5 V.S.A. § 207. The statute provides that:

> Whenever *the board makes an order* granting or denying a certificate of approval of an airport, or restricted landing area, [or] approval to use or operate an airport or restricted landing area . . . an aggrieved person may have the decision reviewed on the record by the superior court pursuant to Rule 74 of the Vermont Rules of Civil Procedure.

5 V.S.A. § 207(d) (emphasis added). The Board has not considered plaintiff's application at all, let alone "ma[de] an order" which plaintiff is bound to appeal directly. When plaintiff attempted to have his application considered by the Board, the Agency refused to forward the application. Plaintiff's only contact with the Board has been indirectly through its Secretary when he purported to refuse a Board hearing on plaintiff's *petition for his declaratory ruling*. The Board has never made any decision or response to plaintiff's application *on the merits* because the application has never been forwarded by the Agency. There is no Board decision to appeal, and thus plaintiff is entitled to review by a superior court under Rule 74.

¶ 17. In sum, we affirm the trial court's grant of summary judgment for the Town on plaintiff's claim for an injunction directed at the Town requiring it to grant approval of his proposed helipad and to admit that it lacked authority to withhold approval. We reverse the grant of summary judgment for the Board and the Agency on the portion of plaintiff's complaint seeking review of the Board Secretary's refusal of his petition for declaratory ruling and remand for consideration on this issue. We

reverse and remand the trial court's grant of summary judgment for the Board and the Agency on the portion of plaintiff's complaint seeking an injunction directed at the Board requiring it to consider plaintiff's petition on the merits.

*The trial court's grant of summary judgment in favor of defendants on plaintiff's claim for an injunction against the Town is affirmed. The trial court's grants of summary judgment on plaintiff's remaining claims are reversed and remanded for further proceedings consistent with the views expressed herein.*