*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-348

MARCH TERM, 2015

| | | |
|---|---|---|
| Donald Bishop | } | APPEALED FROM: |
| | } | |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Civil Division |
| | } | |
| Town of Springfield | } | DOCKET NO. 316-5-14 Wrcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff Donald Bishop appeals from the court's dismissal of his complaint for failure to state a claim upon which relief could be granted. We affirm.

The trial court identified the following facts, reviewing plaintiff's submission in the light most favorable to him, and giving him the benefit of all reasonable inferences. See Amiot v. Ames, 166 Vt. 288, 291 (1997) (explaining that in reviewing disposition of motion to dismiss, court must assume as true all factual allegations pleaded by the nonmoving party, and accept as true all reasonable inferences that can be drawn from nonmoving party's pleadings). In September 2013, the Town of Springfield Select Board issued an order finding a building owned by plaintiff to be a "dangerous or unsafe building or structurally unsafe building" as defined in § 5-26 of the town code. The order declared the building a public nuisance and required plaintiff to make necessary repairs by December 1, 2013. The order required plaintiff to demonstrate that he had made these repairs by submitting a certification by a Vermont licensed structural engineer that based on his or her examination, the building was no longer structurally unsafe as defined under § 5-26. The engineer was specifically required to certify that three particular conditions were no longer applicable. If plaintiff failed to comply with these requirements, the order provided that the town, without any further notice, could demolish the building. Giving plaintiff the benefit of all possible ambiguity, the court found that the repair and certification date was later extended to April 30, 2014.

In May 2014, plaintiff filed a "complaint and appeal" in superior court. He sought to appeal the September 2013 order and to enjoin the town from proceeding with any demolition. The town moved to dismiss the complaint as untimely as it was not filed within thirty days of the town's decision. The court agreed, and dismissed plaintiff's appeal of the 2013 order as untimely. Plaintiff also sought injunctive relief to prevent the demolition. Plaintiff contended that he had submitted reports from two individuals stating that the building had been stabilized. The court found that one report was from a person who was undisputedly not a licensed engineer. The other report, dated December 2013, was from a licensed engineer. The court

found that this letter, on its face, did not support a prima facie case of compliance with the requirements of the September 2013 order. The letter specifically provided that any stabilization work was incomplete. The letter also described the continuing risks posed by the building.

The court found it clear that there had been no certification that the building was no longer a structurally unsafe building as defined in the town code, and no certification that the three identified issues no longer existed. At best, the court explained, there was a communication that some efforts were made prior to December 2013. The court thus concluded that, taking plaintiff's submission in the light most favorable to him and accepting all reasonable inferences for his benefit, it was beyond doubt that there were no facts or circumstances that would entitle plaintiff to relief. The court thus dismissed the complaint for injunctive relief. This appeal followed.

Plaintiff argues that the town building code does not require a "certification" as specified in the town's order, and he thus maintains that the town had no authority to require such certification. According to plaintiff, the letter he submitted from an engineer established that the building was structurally sound for purposes of Vermont Rule of Civil Procedure Rule 12(b)(6). Plaintiff also argues that he should be allowed to appeal the September 2013 town order because it was not a final order. Additionally, plaintiff asserts for the first time on appeal that the town was obligated to follow a process set forth by statute in order to declare his building unsafe. Because the town did not follow this process, plaintiff maintains that the town's order is void and unenforceable.

We find these arguments without merit. First, the 2013 order was a final appealable order. It was issued following a hearing and it resolved plaintiff's appeal of an earlier ruling by the Select Board. While the order gave plaintiff the opportunity to remedy certain defects, it plainly made a "final disposition of the subject matter" before the Select Board. In re Pelham N., Inc., 154 Vt. 651, 652 (1990) (mem.) ("The test for finality is whether the order makes a final disposition of the subject matter."). In its decision, the Select Board found that the building was structurally unsafe and that it was a public nuisance. It explained to plaintiff the steps he would need to take to avoid demolition.

To the extent that plaintiff sought to challenge the Select Board's findings, or the steps he was required to take to prevent demolition, he needed to file an appeal from the Select Board's decision within thirty days. See V.R.C.P. 75(c) (allowing appeal from action by a board, and providing that "if no time limit is specified by statute, the complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought unless the court enlarges the time in accordance with [Vermont Rule of Civil Procedure] 6(b)."); Coutu v. Town of Cavendish, 2011 VT 27, ¶ 13, 189 Vt. 336 (recognizing this requirement and upholding dismissal of untimely filed complaint). Plaintiff did not file a timely appeal, and he cannot now challenge the merits of the town's decision. This includes his challenge to the conditions set by the town.

Plaintiff did not argue below that the town erred by following the condemnation process set forth in the town code rather than following a process set forth by statute and that its September 2013 order was therefore "void" and unenforceable. Our longstanding rule on

preservation requires a party to raise an issue with specificity at the trial court level to allow the trial court the opportunity to consider it.  In re White, 172 Vt. 335, 343 (2001).  This rule applies equally in the context of motions to dismiss.  See, e.g., Gilman v. Maine Mut. Fire Ins. Co., 2003 VT 55, ¶ 12 n.2, 175 Vt. 554 (in reviewing trial court's ruling on motion to dismiss for failure to state a claim, Supreme Court would not consider arguments raised for first time on appeal).  This Court will not address arguments raised for the first time on appeal.  See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").

We conclude that the trial court properly dismissed plaintiff's complaint as time-barred. It is apparent, moreover, that the letter from plaintiff's engineer on its face did not satisfy the requirements of the 2013 order.  We find no error.  See Amiot, 166 Vt. at 291 (explaining that motion to dismiss should be granted when "it appears beyond doubt" that there exist no facts or circumstances that would entitle plaintiff to relief (quotation omitted)).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice