VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-117



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2022

| | |
|---|---|
| Barbara Miller\* v. North Central Recovery Center  } | APPEALED FROM: |
| } | |
| } | Superior Court, Lamoille Unit, |
| } | Civil Division |
| } | CASE NO. 21-CV-02931 |
| | Trial Judge: David A. Barra |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the dismissal of her claims against defendant.  We affirm.

Plaintiff, representing herself, filed a complaint against defendant North Central Vermont Recovery Center.[1]  Plaintiff made the following allegations.  Defendant knew she lived in an apartment that it wanted for a sober house to open by May 2019.  For the work to be done on the apartment the landlord needed plaintiff out, and the director of the defendant organization agreed "to talk to the landlord for [plaintiff] not to moved [sic] soon."  Plaintiff further stated that she wanted the court to have a "whole picture" of why she had to move out of an apartment that she had occupied for eight years.  She sought $20,000 in compensation.

Defendant moved to dismiss for failure to state a claim.  Defendant argued that the complaint failed to present a legally cognizable claim because defendant was not plaintiff's landlord or a subsequent owner or lessor of the building where plaintiff formerly resided and there was no identifiable wrong asserted.  The civil division granted defendant's motion to dismiss, concluding that plaintiff had failed to state a claim for which relief could be granted because the allegations failed to assert any duty owed to her by defendant or a breach of duty, or any contractual claim.  Plaintiff appealed.[2]

---

[1]  The complaint names "No Central Recovery" but was sent to North Central Vermont Recovery Center, Inc.

[2]  After the court granted the motion to dismiss, plaintiff moved for a new judge to hear her case.  The filing was construed as a motion to disqualify and referred to the Chief Superior Judge, who denied the motion.  Plaintiff does not make any arguments on appeal related to that motion.

On appeal, plaintiff makes factual allegations similar to those from her complaint. She states that defendant was working with another agency to rent out the apartment where she formerly lived. She claims that the director of the defendant organization met with her and indicated he would speak to her landlord to allow her more time to stay in the apartment, but that during the conversation he just stood there and did not speak. She claims that he lied to her.

A motion to dismiss for failure to state a claim may be granted "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). On appeal from a grant of motion to dismiss, this Court reviews the motion without deference to the trial court, "taking all facts alleged in the complaint as true and in the light most favorable to the nonmoving party." Coutu v. Town of Cavendish, 2011 VT 27, ¶ 4, 189 Vt. 336.

Even under this liberal pleading standard, plaintiff has failed to assert a claim. Plaintiff has not asserted that defendant owed her a duty, breached a contract with her, or violated the law in some other manner. Therefore, dismissal was proper.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice