**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        22-AP-115



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2022

| | |
|---|---|
| Barbara Miller\* v. Melissa Horwitz | } APPEALED FROM: |
| | } Superior Court, Lamoille Unit, |
| | } Civil Division |
| | } CASE NO. 21-CV-02935 |
| | Trial Judge: Mary Miles Teachout |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the trial court's order granting defendant's motion to dismiss.  We affirm.

In September 2021, plaintiff, representing herself, filed a complaint against defendant, an investigative attorney for the Vermont Human Rights Commission (HRC).  Plaintiff had filed a complaint with the HRC against Demars Properties based on race and disability discrimination and against the Vermont State Housing Authority (VSHA) for disability discrimination.  The resulting report, which was attached to plaintiff's complaint, contains the following facts.  See Gilman v. Maine Mut. Fire Ins. Co., 2003 VT 55, ¶ 20, 175 Vt. 554 (mem.) ("The 12(b)(6) inquiry focuses on the absence of any facts, reasonable factual inferences, and legal bases for recovery alleged in the complaint, attachments thereto, or to matters the court may judicially notice.").  Plaintiff has received a rental-assistance voucher from VSHA since 2008.  From 2010 to 2019 she lived with two grandchildren in a three-bedroom apartment owned by Demars.  After plaintiff's grandchildren moved out, the VSHA informed plaintiff that her housing voucher would be reduced.  Plaintiff was not able to afford the apartment with the change in the voucher amount.

During the same period, plaintiff was diagnosed with diverticulitis and her doctor requested that she be allowed to stay in the apartment due to her health.  VSHA did not formally respond to this request and did not provide it to the landlord.  VSHA worked with plaintiff's landlord to find plaintiff an apartment that she could afford and assisted her in moving to a two-bedroom apartment.  Based on these facts, defendant recommended that the HRC find no

reasonable grounds to believe that the VSHA discriminated against plaintiff based on her disability. Defendant concluded that although plaintiff was frustrated by having to move, VSHA was not required to provide a larger voucher to allow plaintiff to stay in a three-bedroom apartment as a single individual.

Plaintiff's complaint alleges that the investigation was "not done correctly," "information was put in wrong," and that defendant said diverticulitis is not a disability. She requested that the "investigation report be cleared up" and sought money damages against defendant for the "pain and anxiety" caused by the investigation.

Defendant moved to dismiss on three grounds: lack of sufficient notice under Vermont Rule of Civil Procedure 8(a), failure to state a claim under Vermont Rule of Civil Procedure 12(b)(6), and absolute judicial and prosecutorial immunity. Defendant argued that the complaint failed to provide information on what defendant allegedly did or the claims plaintiff was asserting. The trial court granted the motion on the ground that defendant was immune from lawsuits such as the one brought by plaintiff. The court also denied plaintiff's subsequent motion to reconsider.

On appeal, plaintiff argues that the court erred in dismissing her complaint. She claims that she provided defendant with information demonstrating that defendant discriminated against her, that defendant's report included errors, and that plaintiff felt that defendant discriminated against her. Plaintiff does not address the legal basis for the trial court's ruling, specify how defendant mishandled the investigation, or allege that defendant acted unlawfully.

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," V.R.C.P. 8(a)(1), so that the defendant has "fair notice of the claim." In re Waitsfield-Fayston Tel. Co., 2007 VT 55, ¶ 12, 182 Vt. 79 (quotation omitted). A motion to dismiss for failure to state a claim may be granted "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). On appeal from a grant of motion to dismiss, this Court reviews the motion without deference to the trial court, "taking all facts alleged in the complaint as true and in the light most favorable to the nonmoving party." Coutu v. Town of Cavendish, 2011 VT 27, ¶ 4, 189 Vt. 336.

Here, plaintiff's complaint fails to provide defendant with sufficient notice of any claim under Rule 8(a) or to state a claim under Rule 12(b)(6). The pleading standard in Vermont is liberal and a specific and detailed statement of the facts is not required, but a plaintiff must provide enough information for a defendant to have fair notice of what the claim is and what facts support it. Bock v. Gold, 2008 VT 81, ¶ 5, 184 Vt. 575 (mem.). Even under this liberal standard, plaintiff has not provided sufficient information to meet the Rule 8 requirement or to state a claim under Rule 12(b)(6). She asserts generally that defendant messed up and that she felt discriminated against but does not explain what was done incorrectly or how the discrimination occurred. Plaintiff does not claim that defendant violated any law or policy. Therefore, the claim did not meet the Rules 8(a) and 12(b)(6) standards. "Although the . . . court did not rule on this basis, we may affirm on an alternative ground." Iannarone v. Limoggio,

2011 VT 91, ¶ 23, 190 Vt. 272.  We do not reach the question of whether defendant was protected by absolute immunity for her actions.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice