**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-116



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2022

| | |
|---|---|
| Barbara Miller\* v. Human Rights Commissioners | } APPEALED FROM:<br>}<br>} Superior Court, Lamoille Unit,<br>} Civil Division<br>} CASE NO. 21-CV-02936<br>  Trial Judge: Mary Miles Teachout |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the trial court's order dismissing her complaint against the Human Rights Commission (HRC).\*  We affirm.

Plaintiff filed a complaint with the HRC alleging that she experienced unlawful discrimination.  The HRC held a hearing and found no reasonable ground to believe that plaintiff was discriminated against.  Plaintiff, representing herself, filed a civil suit against the HRC, asserting that the Commissioners "did ask . . . to correct all that was not right," "would not allow [plaintiff] to submit more documents," "did not address the problems [plaintiff] stated at the hearing," and "the Commissioner himself never spoke to [plaintiff]."  Plaintiff asked for $30,000 without explanation other than that the Commissioners did not question her, and she wanted to know why she was not allowed to submit more papers.

Defendant moved to dismiss for lack of sufficient notice under Vermont Rule of Civil Procedure 8(a), for failure to state a claim under Vermont Rule of Civil Procedure 12(b)(6), and based on prosecutorial and quasi-judicial immunity.  The trial court dismissed the complaint on all grounds, concluding that it failed to provide notice and state a claim on which relief could be granted and that the Commissioners were immune from suit regarding the conduct of hearings.

On appeal, plaintiff does not directly address the civil division's dismissal order.  She makes factual assertions, including that the HRC went along with the recommendation in the report provided by an HRC attorney and did not question her about the underlying facts.  She

---

\* The complaint names the "Human Rights Commissioners."  Whether the complaint was against the Commission itself or the individual Commissioners in their official capacity does not impact the analysis.  A case against a state employee in the employee's official capacity is a case against the state.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

also claims that she was treated unfairly by the HRC and that at least one Commissioner did not pay attention during the hearing.

Under Rule 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," V.R.C.P. 8(a)(1), so that the defendant has "fair notice" of the claim. In re Waitsfield-Fayston Tel. Co., 2007 VT 55, ¶ 12, 182 Vt. 79 (quotation omitted). A motion to dismiss for failure to state a claim may be granted "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). On appeal from a grant of motion to dismiss, this Court reviews the motion without deference to the trial court, "taking all facts alleged in the complaint as true and in the light most favorable to the nonmoving party." Coutu v. Town of Cavendish, 2011 VT 27, ¶ 4, 189 Vt. 336.

Here, plaintiff's complaint fails to provide defendant with sufficient notice of any claim under Rule 8(a) or to state a claim under Rule 12(b)(6). The pleading standard in Vermont is liberal and a specific and detailed statement of the facts is not required, but there must be enough information for the defendant to have fair notice of what the claim is and facts underlying it. Bock v. Gold, 2008 VT 81, ¶ 5, 184 Vt. 575 (mem.). Even under this liberal standard, plaintiff has not provided sufficient information to meet the Rule 8 requirement or to state a claim under Rule 12(b)(6). She makes general assertions that the HRC did not address problems or allow her to submit more documents but does not provide any law or policy that defendant allegedly violated. Therefore, the claim was properly dismissed under Rules 8(a) and 12(b)(6). Because dismissal was proper on these bases, we do not address the State's assertion that the HRC has absolute immunity for its conduct during hearings and deliberations.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice

2