**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-114



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

NOVEMBER TERM,   2022

Barbara Miller\* v. Vickie Bresett

}   APPEALED FROM:
}
}   Superior Court, Lamoille Unit,
}   Civil Division
}   CASE NO. 21-CV-02934
Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the court's dismissal for failure to state a claim.  We affirm.

Since 2008, plaintiff has received a housing voucher through the Vermont State Housing Authority (VSHA).  The amount of the voucher is based on household size.  In September 2021, she filed suit against defendant, who is employed by the VSHA.  The complaint did not present many facts.  Attached to the complaint, plaintiff provided a copy of a February 2019 letter to her from defendant on behalf of the VSHA.  The letter indicated that plaintiff expressed that she wished to move from her three-bedroom unit and outlined the steps plaintiff needed to follow to use her housing voucher on a new apartment.  Around that time plaintiff's household size changed and with the concurrent decrease in her voucher she could no longer afford her three-bedroom apartment.  Attached to the complaint was a letter from a physician dated December 2018 that advised that plaintiff was recovering from diverticulitis and requested that she be allowed to stay in her apartment until she was stronger.  In the complaint and apparently noted by plaintiff in long hand on her copy of the February letter attached, plaintiff alleged that defendant incorrectly said in the February letter that plaintiff wanted to move, and that the wording of the letter was incorrect.  Plaintiff asked that the letter be removed from her file and that she be compensated.  The complaint did not provide any law or rule that defendant allegedly violated.

Defendant moved to dismiss for failure to state a claim or for a more definitive statement.  After allowing plaintiff an opportunity to amend her complaint with more particular allegations, the court granted the motion to dismiss.  The court explained that the complaint failed to state what duty defendant owed plaintiff, whether and how the duty was breached, or whether or how

that breach caused plaintiff harm. The court denied plaintiff's motions for a hearing and to reconsider.[*]

On appeal, plaintiff indicates that she discussed moving with defendant in February 2019 but claims that defendant falsely asserted in the February 2019 letter that plaintiff was moving. Plaintiff also states that defendant told her to get a note from her doctor and, although plaintiff complied, defendant did not respond to her when she sent defendant the letter.

A motion to dismiss for failure to state a claim may be granted "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted); see V.R.C.P. 12(b)(6). On appeal from a grant of a motion to dismiss, this Court reviews the motion without deference to the trial court, "taking all facts alleged in the complaint as true and in the light most favorable to the nonmoving party." Coutu v. Town of Cavendish, 2011 VT 27, ¶ 4, 189 Vt. 336.

Accepting as true all facts asserted in the complaint and making reasonable inferences in plaintiff's favor, the complaint does not meet the pleading standard. The complaint does not allege a violation of law by defendant. Therefore, the court properly dismissed the complaint.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

---

[*] Plaintiff also requested that a new judge hear her case. The trial judge construed it as a motion to disqualify and referred the motion to the Chief Superior Judge, who denied the request. On appeal, plaintiff does not raise any arguments related to this order.