**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-128



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2022

| | |
|---|---|
| Barbara Miller\* v. Vermont State Housing Authority | } APPEALED FROM: |

APPEALED FROM:

Superior Court, Lamoille Unit,
Civil Division
CASE NO. 21-CV-02930
Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the court's dismissal of her complaint for failure to state a claim.  We affirm.

Since 2008, plaintiff has received rental assistance in the form of a housing voucher through defendant, the Vermont State Housing Authority (VSHA).[1]  The amount of the voucher is based on household size.  From 2010 to the beginning of 2019, plaintiff lived in a three-bedroom apartment with her minor grandchildren.  The grandchildren moved out of the home and, with the resulting reduction in her subsidy, plaintiff was unable to afford the rent.  She eventually moved to a two-bedroom apartment that she could afford.  Plaintiff filed a complaint with the Vermont Human Rights Commission against defendant alleging disability discrimination related to the change in the voucher amount and her move.  Following an investigation, in January 2021, the Commission found no grounds to believe that defendant discriminated against plaintiff based on her disability.  In September 2021, plaintiff filed this suit against defendant alleging that it did not properly handle her records and made it seem as if plaintiff caused a problem.  The complaint sought to address these issues and $30,000 in damages for pain and anxiety.

Defendant moved to dismiss for failure to state a claim or for a more definitive statement.  Defendant argued that the complaint failed to allege any illegal act committed by defendant, did not specify any harm suffered by plaintiff, and did not indicate a causal connection between defendant's acts and plaintiff's harm.  Defendant also argued that the complaint had not identified a rule or law allegedly violated by defendant.  The court provided plaintiff with an opportunity to make a more definitive statement of her claims and plaintiff submitted a letter

---

[1]  These background facts are derived from the final report of the Vermont Human Rights Commission, which was submitted to the superior court by both parties.

alleging, among other things, that she was not informed about the change in her subsidy, that she was told she could stay in her three-bedroom apartment longer, and that it was hard for her to pay the rent. The court concluded that even looking at the complaint's allegations in the light most favorable to plaintiff, the complaint failed to identify a legal claim against defendant, and therefore granted the motion to dismiss. The court denied plaintiff's subsequent motions for a hearing and to reconsider.[2] Plaintiff appealed.

On appeal, plaintiff's brief asserts that defendant failed to provide her with information about her subsidy and the amounts she was required to pay. She asserts that her landlord wanted her out of the apartment and that the Commission's investigation was not in her favor because of untrue statements. A motion to dismiss for failure to state a claim may be granted "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted); see V.R.C.P. 12(b)(6). On appeal from a grant of motion to dismiss, this Court reviews the motion without deference to the trial court, "taking all facts alleged in the complaint as true and in the light most favorable to the nonmoving party." Coutu v. Town of Cavendish, 2011 VT 27, ¶ 4, 189 Vt. 336.

The complaint does not state a claim. The complaint and brief on appeal do not identify a legal violation. Therefore, the complaint was properly dismissed.

Affirmed.


BY THE COURT:


Paul L. Reiber, Chief Justice


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice

---

[2] Plaintiff also requested that a new judge hear her case. The trial judge construed it as a motion to disqualify and referred the motion to the Chief Superior Judge, who denied the request. On appeal, plaintiff does not raise any arguments related to this order.