**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-113

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2022

| | |
|---|---|
| Barbara Miller\* v. Pam Christie | } APPEALED FROM: |
| | } Superior Court, Lamoille Unit, |
| | } Civil Division |
| | } CASE NO. 21-CV-02933 |
| | Trial Judge: Mary Miles Teachout |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the court's order dismissing her suit for failure to state a claim.  We affirm.

Since 2008, plaintiff has received rental assistance in the form of a housing voucher from the Vermont State Housing Authority (VSHA).  The amount of the voucher is dependent on several factors, including household size.  In 2019, plaintiff's household size changed and with the reduced voucher amount, she was unable to afford her three-bedroom apartment.  Plaintiff subsequently moved to a two-bedroom apartment with the assistance of the VSHA.  In September 2021, plaintiff filed this suit against defendant, who is employed by the VSHA. Plaintiff alleged that defendant provided plaintiff with a signed lease agreement that plaintiff did not sign, that defendant incorrectly stated that plaintiff asked for help moving to a new apartment, and that defendant worked together with plaintiff's landlord to force her out of her apartment.  Plaintiff sought $25,000 in damages.

Defendant moved to dismiss or for a more definite statement.  The court granted plaintiff an opportunity to make additional specific allegations.  In response, plaintiff stated that she was not notified about the change in her voucher amount, she did not say that she wanted to move, and she could not afford the rent with the change in the voucher amount.

The court granted defendant's motion to dismiss for failure to state a claim upon which relief could be granted.  The court denied plaintiff's subsequent motions to amend the complaint, for a hearing, and to reconsider.[1]

---

[1] Plaintiff also requested that a new judge hear her case.  The trial judge construed it as a motion to disqualify and referred the motion to the Chief Superior Judge, who denied the request.  On appeal, plaintiff does not raise any arguments related to this order.

On appeal, plaintiff argues that defendant signed her name to a lease without permission and that defendant worked with her landlord to move her from her apartment in April 2019. A motion to dismiss for failure to state a claim may be granted "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted); see V.R.C.P. 12(b)(6). On appeal from a grant of motion to dismiss, this Court reviews the motion without deference to the trial court, "taking all facts alleged in the complaint as true and in the light most favorable to the nonmoving party." Coutu v. Town of Cavendish, 2011 VT 27, ¶ 4, 189 Vt. 336.

Accepting as true the allegations in plaintiff's complaint, the complaint does not state a claim on which a court could grant relief. The allegations related to defendant are that defendant signed plaintiff's name on a lease without plaintiff's permission and that defendant incorrectly stated that plaintiff asked for help to move. Neither allegation is a legal claim against defendant. The complaint does not allege any facts to show how defendant's actions in signing plaintiff's name to a lease[2] and assisting plaintiff with moving caused plaintiff harm that a court can address. Without identifying this kind of harm or how plaintiff's actions caused that harm, there is no legal wrong.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice

---

[2] Defendant argues that the documents submitted by plaintiff plainly demonstrate that no improper signing occurred because plaintiff's name was written on the document to identify who would sign the document and not on the signature line.