Filed 12/09/24

VERMONT SUPERIOR COURT
Essex Unit
75 Courthouse Drive
Guildhall VT 05905
802-676-3910
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03371

| Lisa Rote v. Town of Concord |
| --- |

## DECISION ON MOTION TO DISMISS

In this case, plaintiff Lisa Rote alleges that defendant, the Town of Concord, refused to let her pay property taxes from 2020 to 2022; failed to list certain improvements to her property; and conducted a tax sale of the property after three years instead of two. For relief, plaintiff seeks to have a deed "turned over" to her. The Town has moved to dismiss the complaint for lack of standing and for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion is denied.

### Factual Background

The well-pleaded factual allegations in this case are few. For the purpose of this motion, the court accepts as true the following facts, drawn from the complaint and incorporated documents. *See Coutu v. Town of Cavendish*, 2011 VT 27, ¶ 4, 197 Vt. 336. Plaintiff lived in a mobile home on real property located at 1407 Oregon Road in the Town of Concord. Plaintiff owned the mobile home, but the property was owned by Marie Heath and James Graveline who had given plaintiff permission to live there in exchange for plaintiff paying the property taxes. Plaintiff tendered payment to the Town for property taxes from 2020 to 2022, but the Town refused the tendered payment. Compl. ¶ 1. At some point, the Town sold the property at a tax sale, although it is not clear when the sale occurred, whether the one-year statutory redemption period has expired, or whether the property has officially been conveyed to the tax sale purchaser.

### Analysis

In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). On a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)—including a motion to dismiss for lack of standing—the court may consider evidence outside the pleadings. *Mullinnex v. Menard*, 2020 VT 33, ¶ 8, 212 Vt. 432. A complaint should be dismissed under Rule 12(b)(6) for failure to state a claim "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Id.* Ultimately, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim." *Birchwood Land. Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420.

Documents relied on in a complaint merge into the pleadings and may be considered on a motion to dismiss for failure to state a claim. *Sutton v. Purzycki*, 2022 VT 56, ¶ 20, 217 Vt. 326.

The court first addresses the Town's argument that plaintiff lacks standing. *See Ferry v. City of Montpelier*, 2023 VT 4, ¶ 10, 217 Vt. 450 ("We begin, as we must, with standing."). The Vermont Supreme Court has "adopted a three-part test for standing originally articulated for federal courts: (1) injury in fact; (2) causation; and (3) redressability." *Id.*, ¶ 12 (citing *Hinesburg Sand & Gravel Co.*, 166 Vt. 337, 341 (1997)). "In other words, to have standing, a plaintiff must 'have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law.'" *Id.* (quoting *Parker v. Town of Milton*, 169 Vt. 74, 77 (1998)).

The Town acknowledges that plaintiff owned a mobile home located on the property subject to the tax sale but argues she did not own the property itself. According to the Town, only the property was sold at the tax sale, and accordingly, the court cannot provide redress for plaintiff's alleged injury because, even if the court invalidates the tax sale, the property will revert to the prior owners—not plaintiff. Plaintiff disputes that her mobile home was not part of the sale and that she lacks any interest in the land, although she concedes that she did not own the land outright, that she had been staying on the land by permission of James Graveline and Marie Heath in exchange for paying property taxes, and that in late 2021, Mr. Graveline told the Concord town clerk not to accept any more tax payments from her. *See* Pls' Opp. to Mot. to Dismiss & Exhs 1, 2. The parties have provided various lister's cards, tax bills, and delinquent tax bills—including a delinquent tax bill listing plaintiff's mobile home property tax as outstanding. The specifics of the tax sale are not at all clear from the documents and briefing provided by the parties. Although the Town may ultimately prevail on its standing argument, at this stage the court is unable to conclude as a matter of law that an order invalidating the tax sale would not provide any relief to plaintiff. Drawing all reasonable inferences in plaintiff's favor, as the court must, the motion to dismiss for lack of standing is denied.

The court turns next to defendant's argument that the complaint fails to state a claim for which relief can be granted. Essentially repeating its standing argument, the Town argues the complaint fails under Rule 12(b)(6) because there "is no scenario in which the Property would be conveyed to Plaintiff as a result of this litigation." Def.'s Mot. to Dismiss 2. While that may be true, the court is unable to conclude as a matter of law at this stage that there is no scenario in which plaintiff would be entitled to any relief. Accordingly, the motion to dismiss for failure to state a claim is also denied.

Although the Town has not yet raised the issue, the court notes that the complaint may nonetheless be barred by the statute of limitations. *See DaimlerChrysler Servs. N. Am., LLC v. Ouimette*, 2003 VT 47, ¶ 6, 175 Vt. 316 (trial court has authority to raise statute of limitations *sua sponte* if apparent from face of complaint).

Generally, a lawsuit challenging a town's tax collection activities must be "commenced within one year from the time that collection is sought to be enforced against the taxpayer by arrest, distraint, or levy." 32 V.S.A. § 5294. A lawsuit challenging enforcement through a tax sale mut be filed "within one year from the date of the levy thereon by the tax collector." 32 V.S.A.

§ 5295(3). *See Contos v. Town of Londonderry*, No. 22-AP-240, 2023 WL 1875144, at *2 (Vt. Feb. 10, 2023) (unpub. 3-justice entry order) ("[T]he plain language of [?] § 5295 makes clear that the one-year period is measured from the date when the tax collector enters the levy on the real estate."). A levy of property occurs when the tax collector extends a warrant for delinquent taxes on the property. 32 V.S.A. § 5252(a) ("When . . . the taxpayer is delinquent for a period longer than one year, the collector may extend a warrant on such land."); *see* 32 V.S.A. § 5252(a)(1) (describing initial levy process). Levy is the first step in the tax-sale process, and, after levy, the tax collector must then complete various recording and notice requirements before conducting the actual sale. *See, e.g.*, 32 V.S.A. § 5252(a)(2) (requiring "the last publication to be at least 10 days before such sale"). Following the tax sale, the statutes require a one-year redemption period to allow the delinquent taxpayer to redeem the property by paying their back taxes. 32 V.S.A. § 5260 (allowing for redemption "within one year from the day of sale"). The property is only then conveyed to the tax-sale purchaser after the one-year redemption period has run. 32 V.S.A. § 5261 ("When the time for redemption has passed and the land is not redeemed, the collector . . . shall execute to the purchaser a deed . . . ."); *see Ran-Mar, Inc. v. Town of Berlin,* 2006 VT 117, ¶ 10, 181 Vt. 26 ("During this one-year redemption period the taxpayer maintains possession and use of the property and the purchaser does not take title.").

Here, plaintiff has not alleged when the property was levied for tax sale and the Town has failed to provide that or virtually any other information about the tax sale. If all the statutory requirements were followed, the levy would have occurred more than one year before the property was conveyed to the tax sale purchaser, which presumably occurred before plaintiff filed this lawsuit requesting that the deed the deed to the property be turned over from the tax sale purchaser to her. On a motion to dismiss, however, the court is unwilling to both raise this issue *sua sponte* and draw this inference against a pro se litigant. The Town may raise the issue on summary judgment, along with renewing its standing and other arguments, if it chooses.

### Order

For the reasons set forth above, the Town's motion to dismiss is DENIED. The clerk shall set the matter for a status conference.

Electronically signed on: 12/9/2024 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge