2015 VT 37

# Birchwood Land Company, Inc. v. Judith J. Krizan

[115 A.3d 1009]

No. 14-212

Present: **Reiber, C.J., Dooley, Skoglund, Robinson and Eaton,**[1] **JJ.**

Opinion Filed February 6, 2015

---

[1] Justice Eaton was present for oral argument, but did not participate in this decision.

*W. Owen Jenkins* of *W. Owen Jenkins, P.C.*, Essex Junction, for Plaintiff-Appellant.

*Thomas F. Heilmann* and *James M. Cooley* (On the Brief) of *Heilmann, Ekman & Associates*, Burlington, for Defendant-Appellee.

¶ 1. **Dooley, J.** Plaintiff Birchwood Land Company ("Birchwood") appeals the decision of the Superior Court, Grand Isle Unit denying Birchwood's motion for attachment and granting defendant Judith Krizan's motion to dismiss for failure to state a claim. Birchwood's complaint alleged that Krizan was unjustly enriched by Birchwood's construction of an access road and other infrastructure to her property such that she is able to develop the property without contributing to the cost of the improvements. We agree that the complaint fails to state a claim upon which relief can be granted and affirm.

¶ 2. The facts as alleged in Birchwood's amended complaint are as follows. In June 1982, Krizan purchased a vacant and landlocked parcel, currently described as 43 Tanglewood Drive, for $3000 from the Town of Essex. Because the deed to Krizan's parcel makes reference to a recorded plat, she acquired by law an implied access easement over the portion of the adjacent parcel depicted on the plat and now owned by Birchwood. This is the sole means of access to her property. Without frontage on a public road or access to utilities and other related infrastructure, Krizan's property was undevelopable. In the thirty years of ownership, she had made no effort to develop her property.

¶ 3. In December 2002, Birchwood purchased the land surrounding Krizan's parcel to the east, south, and west, including the fee simple ownership of the strip of land on which Krizan's access easement is located. In April 2005, Birchwood obtained approval from the Town to develop its property, including the construction and extension of Tanglewood Drive and the installation of water, sewer, and electrical lines, and other related infrastructure. The Krizan property was not included in the development approval. As part of its development, however, Birchwood extended road access and water and sewer line connections to Krizan's property. In July 2007, Birchwood completed the road and infrastructure improvements at a substantial expense.

¶ 4. After Birchwood completed the improvements, Krizan notified the Town of her intent to develop her property. The Town found that Krizan's lot is now developable because the lot is now located on a public road and is connected to the necessary infrastructure. Consequently, the Town increased the assessed value of Krizan's parcel from $10,800 to $92,700. The fair market value of Krizan's property, as determined by the sale price of a neighboring property, is no less than $117,000. Birchwood has

calculated that Krizan's proportionate share of expenses for the construction and extension of Tanglewood Drive and related infrastructure, not including the $2405 water and sewer connection cost, amounts to $50,100. Krizan initially expressed interest in reimbursing Birchwood for the cost of extending the sewer and water connections to her property but has refused to contribute to the road and other infrastructure improvements.

¶ 5. Birchwood filed a complaint against Krizan in the trial court, alleging that Krizan was unjustly enriched by the creation of the public road access to her lot and should be required to bear a proportionate cost of the construction, and filed a motion for attachment of real estate owned by Krizan. In response, Krizan filed a motion to dismiss for failure to state a claim upon which relief can be granted.[2] Birchwood filed an amended complaint, and the court conducted a hearing on Birchwood's pending motion for attachment and Krizan's pending motion to dismiss. The court denied Birchwood's motion for attachment and granted Krizan's motion to dismiss. This appeal followed.

¶ 6. We review decisions on a motion to dismiss de novo under the same standard as the trial court and will uphold a motion to dismiss for failure to state a claim only if "it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Dernier v. Mortg. Network, Inc.*, 2013 VT 96, ¶ 23, 195 Vt. 113, 87 A.3d 465 (quotation omitted). We assume as true all facts as pleaded in the complaint, accept as true all reasonable inferences derived therefrom, and assume as false all contravening assertions in the defendant's pleadings. *Id.* Our role in reviewing the trial court's decision on such a motion is limited to determining "whether the bare allegations of the complaint are sufficient to state a claim." *Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 7, 186 Vt. 605, 987 A.2d 258 (mem.).

¶ 7. Birchwood claims that it is entitled to restitution from Krizan for the improvements it made to the road, utilities, and other related infrastructure because Krizan was unjustly enriched at Birchwood's expense. Birchwood argues that Krizan is a "free rider" who held onto her undeveloped property for thirty years awaiting the adjoining property owner to make the necessary improvements. Birchwood also argues that, as an easement holder

---

[2] Krizan also moved to dismiss for lack of venue, but that issue is not part of this appeal.

over the access road, Krizan was obligated to contribute to the improvements. Krizan disputes that she held an easement over the road and has any duty to contribute to Birchwood's improvements, which were voluntary, unrequested, and in Birchwood's self-interest. The trial court agreed with Krizan, finding no actionable claim for unjust enrichment.

¶ 8. ▮ Our case law recognizes claims of unjust enrichment, see, e.g., *Kellogg v. Shushereba*, 2013 VT 76, ¶ 22, 194 Vt. 446, 82 A.3d 1121 (stating that plaintiff is entitled to recovery from defendant for period defendant received benefit of living in plaintiff's home without paying for that benefit), but we have not yet ruled on the validity of a claim of unjust enrichment for unrequested benefits — that is, unrequested benefits voluntarily conferred upon the recipient by the claimant. See Restatement (Third) of Restitution & Unjust Enrichment § 30 (2011) [hereinafter Restatement]. Birchwood places great weight on our recent decision in *Lasek v. Vermont Vapor, Inc.*, 2014 VT 33, 196 Vt. 243, 95 A.3d 447, in which we held that a tenant had no claim of unjust enrichment against his landlord for improvements the tenant voluntarily made to the property on which the landlord collected insurance proceeds after a fire. *Id.* ¶ 18. We stated that "[a]ssuming without deciding that Vermont law recognizes an unjust enrichment claim by a tenant against a landlord to recover the value of improvements made by the tenant, plaintiff's claim fails because he did not show that landlord received a benefit from his improvements." *Id.* Birchwood argues that because here we have no "proof of benefit conferred" deficiency, as in *Lasek*, we should rely on this case to hold that unjust enrichment occurred here, because there is a benefit. *Lasek* is of no help to Birchwood. Our statement there regarding an unjust enrichment claim for improvements was pure dicta, stating an assumption and not a holding on which Birchwood can rely. In fact, the application of unjust enrichment to unrequested benefits is an undeveloped area of our law, and we must look beyond our precedents to decide this appeal.

¶ 9. ▮ Both parties rely, in part, on the Restatement in making their arguments. We frequently have adopted provisions of this Restatement where our law is undeveloped. See *JW, LLC v. Ayer*, 2014 VT 71, ¶ 22, 197 Vt. 118, 101 A.3d 906; *Kellogg*, 2013 VT 76, ¶ 19; *Shattuck v. Peck*, 2013 VT 1, ¶¶ 13, 22, 193 Vt. 123, 70 A.3d 922. We do so here.

¶ 10. Birchwood makes two unjust enrichment arguments: (1) that Krizan was unjustly enriched by the substantial increase in the value of her property as a consequence of Birchwood's improvements and therefore should be required to return to Birchwood some of that increase in value as a proportionate share of the improvement costs; and (2) that as co-holder of an easement providing access to her property, Krizan is required to share in the cost of improvements to the access road. We start with the first argument.

¶ 11. ■ Section 30 of the Restatement provides that a claim of unjust enrichment for benefits conferred on the recipient by the claimant's unrequested intervention is available only to the extent that "(a) liability in restitution replaces a money obligation or spares the recipient necessary expense; (b) the recipient obtains a benefit in money; or (c) relief may be granted to the claimant by specific restitution." Restitution for voluntarily conferred benefits rarely is granted, but is available in limited circumstances where it "may be achieved in a manner that avoids any forced exchange." Restatement § 30 cmt. a. Potentially applicable here is subsection (a), which requires us to determine whether Krizan was under any obligation to pay for the improvements or, in other words, if Birchwood spared her a necessary expense. In applying this subsection, one consideration is that a claimant generally cannot compel the recipient to pay for benefits voluntarily conferred if, had the transaction been proposed as a contract, the recipient would have been able to reject it. *Id.* § 30 cmt. b. For example, if adjacent property owners are under no obligation to make infrastructure improvements unless and until they develop their lots, a claimant who undertakes the improvements cannot recover in restitution from the benefitted recipient, even if the recipient's property value increased as a result of the improvements. *Id.* § 30 cmt. b, illus. 4. That is the situation in this case.

¶ 12. The illustration above is based on *Ranquist v. Donahue*, 710 F. Supp. 1160 (N.D. Ill. 1989), which Birchwood cites in support of its argument that Krizan, as a "holdout owner" and "free rider," is under a duty to contribute to the improvements made by Birchwood. The facts of *Ranquist* are substantively similar to the facts in this case, and the court's analysis goes to the heart of the issue with which we are confronted. In *Ranquist*, the defendants purchased a single lot in a nine-lot subdivision, and the plaintiff subsequently bought the remaining eight lots. An

agreement between the original developer and the municipality required lot owners to make certain improvements — including road, curb, sewer, and water main construction — before development of the subdivision. The plaintiff constructed the necessary improvements and demanded that the defendants pay their share of the cost. The defendants refused. The court held that if the defendants were not required to make the improvements until they developed their property, and could choose not to develop, they could not be held liable for a proportionate share of the cost of improvements.[3] *Id.* at 1161. The court further held:

> [W]hat the defendants did with their property after the construction ended is irrelevant . . . . To be sure, the defendants' post-construction actions demonstrate that they derived a benefit from the construction, but the receipt of the benefits does not suffice to render a person liable. There must be some injustice in allowing him to keep them. The fact that the defendants made use of the improvements does not make their retention of the benefits unjust.

*Id.* at 1162 (citation omitted).

¶ 13. The plaintiff in *Ranquist* made the same arguments that Birchwood makes here. Specifically, the plaintiff argued there that, even if the defendants were under no obligation to make the improvements, they were still liable for restitution because they accepted the benefit by then developing their lot, which they otherwise would have been unable to do. As we noted above, *supra*, ¶ 12, the court squarely rejected the plaintiff's argument. The court also rejected the plaintiff's argument that the defendants' motives made their failure to share in the cost of improvements unjust because the defendants knew that the plaintiff would go forward with the construction even if they refused to participate. *Ranquist*, 710 F. Supp. at 1162. The court found the underlying motive of the defendants irrelevant. *Id.* Looking at Birchwood's complaint, we find no allegations that either party was obligated to undertake the improvements irrespective of

---

[3] Although the court's rationale for the decision was as stated above, the court realized that, under the agreement between the original developer and the municipality, the defendants might have the obligation to make the improvements even if they did not develop their lot. The court gave leave to the plaintiff to refile to plead and prove that fact. *Id.* at 1162-63.

whether the lots were developed. In fact, Birchwood alleges that "[i]n addition to the public frontage requirement, the Krizan property must be serviced by municipal water and sewer *in order to be developed.*" (emphasis added). Thus, the rationale of *Ranquist*, now explicitly adopted by the Restatement, applies here.

¶ 14. ■ As demonstrated by the foregoing discussion, Restatement § 30 embraces the principle that incidental benefits — benefits conferred on the recipient by work that the claimant undertook for its own benefit — rarely are recoverable in restitution unless the benefits are a consequence of mistake, fraud, or compulsion. Restatement § 30 cmt. b; see also *Dinosaur Dev, Inc. v. White*, 265 Cal. Rptr. 525, 530-31 (Ct. App. 1989) (holding that plaintiff has no claim in restitution against defendant for expense of road improvements to road benefitting both parties' landlocked parcels because benefit was incidental to plaintiff's desire to improve its own property); *Major-Blakeney Corp. v. Jenkins*, 263 P.2d 655, 664 (Cal. Dist. Ct. App. 1953) (holding that plaintiff has no claim in restitution against defendant, adjoining landowner, for expense of off-site improvements benefitting both properties because "expenditures made and obligations paid were done exclusively in furtherance of plaintiff's own interest and to discharge commitments for which it alone was responsible"); *Green Tree Estates, Inc. v. Furstenberg*, 124 N.W.2d 90, 93 (Wis. 1963) (stating that incidental, voluntary benefits are not unjust unless received through "mistake, emergency or compulsion").

¶ 15. ■ Birchwood urges us to rely on the Restatement but argues that the unique facts of this case are so novel and extreme that § 30 is inapplicable and that we should rely instead on the general policy of § 1 that restitution can be ordered when a defendant is unjustly enriched. Birchwood argues that § 30 applies when the benefit is *incidental* but not when the benefit is *substantial*, as alleged here. We disagree. Section 30 precisely fits the facts of this case, and the precedent on which it relies, *Ranquist v. Donahue*, is indistinguishable in substance. The terms incidental and substantial are not mutually exclusive, with the former requiring a conclusion that the enrichment is not unjust and the latter triggering a conclusion of unjust enrichment. The cases cited above, including *Ranquist*, demonstrate that a benefit can be both incidental and substantial.

¶ 16. ■ Birchwood further urges that the purpose of the doctrine of unjust enrichment is to prevent benefits to a "free rider." Here, Birchwood has characterized Krizan as a free rider who unfairly held onto her property for thirty years waiting for someone else to pay for the improvements that would allow her to develop her lot. Under *Ranquist*, the characterization of the recipient as a "holdout owner" or "free rider" is of no consequence to the outcome. It is incident to the nature of property ownership that one owner's self-interested actions may benefit a neighboring owner, even though this may encourage free riding and discourage more industrious property owners from making improvements. As noted in Restatement § 30, comment b:

> Both this degree of unjust enrichment and this degree of inefficiency are ordinarily tolerated as necessary consequences of rights incident to private property. Where the cost of such bargaining failure is judged to be too high, the response of the law is not to expand an owner's liability in restitution, but to require the desired behavior by direct regulation; or to substitute public for private rights in the property concerned.

We adopt Restatement § 30 as the governing law for this case and conclude that Birchwood's unjust enrichment claim fails under § 30.

¶ 17. We next address Birchwood's second argument: that Krizan's obligation to pay for the improvements arises from the implied easement that she held over the access road to her landlocked parcel. While Krizan disputes the existence of an easement, we need not reach that question to resolve this case. Because we are reviewing a motion to dismiss for failure to state a claim, we take the allegations in the plaintiff's complaint as true and all defendant's contravening assertions as false. Nonetheless, as we explain below, assuming that an easement existed, we still conclude that the unjust enrichment claim fails.

¶ 18. ■ ■ Section 26 of the Restatement, which covers an exception to the general prohibition on restitution for voluntarily conferred benefits, entitles a claimant to restitution "[i]f the claimant incurs necessary expense to protect an interest in property and in so doing confers an economic benefit on another person in consequence of the other's interest in the same property." A claim under § 26 must satisfy two basic requirements.

First, "[t]he claimant's expenditures must have been necessary to protect an interest in property," such that "there is a claim under § 26 in respect to necessary repairs, but not in respect of improvements." Restatement § 26 cmt. a. Second, "there must be a nexus of interests such that the benefit is conferred on the recipient in consequence of the recipient's interest in the same property." *Id.* Mere physical proximity is not sufficient to satisfy the "nexus of interests" requirement, but the interests of adjacent owners may be linked by servitude, *id.* § 26 cmt. c, like the implied easement allegedly held by Krizan over the access road. For example, if two parties share the use of an easement over a roadway, they both are obligated for the maintenance and upkeep of the roadway. As such, the party who has made the repairs has a claim of restitution against the other party to recover a portion of the reasonable expenditure, but the claimant has "no claim in restitution for the cost of improvements (as distinct from repairs) to which [the recipient] did not agree." *Id.* § 26 cmt. c, illus. 12-13.

¶ 19. In arguing that an unjust enrichment claim is proper here, Birchwood relies on *Storms v. Bergsieker*, 835 P.2d 738 (Mont. 1992), which involved a claim of unjust enrichment for repairs over a shared roadway. There, the parties held an easement as tenants in common over an access road and single-lane bridge. The plaintiffs constructed a new bridge to replace the existing structure, which had deteriorated and become unsafe. The court held that, based upon a theory of unjust enrichment, the defendants were required to participate in the cost of the new bridge. *Id.* at 741.

¶ 20. The *Storms* holding is entirely consistent with Restatement § 26, and, as a result, is not applicable here. The case fails to support Birchwood's argument because, there, the bridge replacement was a necessary expense, one that both parties were obligated to undertake. *Id.* at 740. Here, the improvements to the shared road were not necessary, a point to which Birchwood conceded. The improvements-versus-repairs dichotomy is more aptly demonstrated in *Wendover Road Property Owners Ass'n v. Kornicks*, 502 N.E.2d 226 (Ohio Ct. App. 1985), in which an association sought restitution from an individual property owner for road, sewer, and water improvements that the association performed and for which the property owner refused to pay. The court emphasized that a property owner under these circumstances is obligated to pay only if the improvements are

*"imperatively necessary."* *Id.* at 230. The court found nothing in the record to indicate the improvements were necessary and therefore denied the claim. *Id.*

¶ 21. ██ ██ Liability for restitution in the context of servitudes is premised on the rights and obligations of dominant and servient tenants. Generally, both tenants are obligated to maintain the road, and each tenant therefore is liable to the other for the cost of repairs. 19 V.S.A. § 2702 ("[W]hen more than one person enjoys a common benefit from a private road, each person shall contribute rateably to the cost of maintaining the private road."); see *Hubbard v. Bolieau*, 144 Vt. 373, 375-76, 477 A.2d 972, 973-74 (1984) (recognizing obligation of easement tenants to contribute to maintenance, snowplowing, and upkeep of roads).[4] Again, the emphasis here is on the maintenance and upkeep, not unnecessary improvements. We adopt Restatement § 26 as consistent with Vermont law and conclude that Birchwood's unjust enrichment claim fails under § 26.

¶ 22. We therefore conclude that the trial court did not err in denying Birchwood's motion for attachment and dismissing Birchwood's claim of unjust enrichment against Krizan.

*Affirmed.*

[4] The trial court emphasized that, even if the implied easement did exist, it was extinguished when Birchwood conveyed the road to the Town, making it a public right-of-way. We need not explore whether that fact would override a claim of unjust enrichment because we already conclude that Krizan was not obligated to contribute to the improvements made by Birchwood.