*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2019-243

FEBRUARY TERM, 2020

| | |
|---|---|
| Mark C. Nowakowski\* v. City of Rutland and David Allaire | } APPEALED FROM: <br> } <br> } Superior Court, Rutland Unit, <br> } Civil Division <br> } <br> } DOCKET NO. 141-3-19 Rdcv <br> <br> Trial Judge: Samuel Hoar, Jr. |

In the above-entitled cause, the Clerk will enter:

Plaintiff Mark Nowakowski filed suit in March 2019 against the City of Rutland and its mayor David Allaire seeking to invalidate the City's March 5, 2019 election. The superior court dismissed the case for failure to state a claim and plaintiff appeals. We affirm.

Plaintiff's complaint alleged that the City was bound by its charter to issue an annual report by November 15 and failed to do so until March 4, more than three months late. He asserted that this failure impacted voters' ability to evaluate the City's financial circumstances and be properly informed for the March 5 vote. He sought to invalidate the election of Mayor Allaire, the adoption of the City's budget, the approval of bond articles, and to have a special election. Plaintiff's suit relied on the Rutland City Charter, which states that the City report "shall be published annually, on or before the 15th day of November each year, by the direction of the Mayor." 24 V.S.A. app. ch. 9 § 11.5.

The City filed a motion to dismiss for failure to state a claim. The court concluded that plaintiff had failed to allege sufficient grounds to invalidate the election and granted the motion. Plaintiff appeals.

"We review decisions on a motion to dismiss de novo under the same standard as the trial court and will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted).

Plaintiff's suit seeks "the extraordinary equitable remedy of election invalidation." Putter v. Montpelier Pub. Sch. Sys., 166 Vt. 463, 467 (1997). This Court has explained that voiding an election is "one of the more extreme remedial measures available to a court" and the facts must meet a "high threshold." Id. In Putter, a taxpayer filed suit against the Town school board seeking to invalidate an election on the basis that the board's action of financing, producing, and distributing a newsletter in support of the budget tainted the election results. This Court explained that in deciding whether relief was warranted courts have looked at "several key considerations, including the nature and severity of the federal violation, the probability that it actually affected

the election result, the presence or absence of culpable intent, and the harm to the organic processes of the election." Id. at 468. This Court concluded that in light of those factors, the taxpayer's claims fell "well below the requisite threshold for election invalidation." Id.

We conclude that in this case plaintiff's claims similarly fall below the high standard required to invalidate an election. The alleged failure to produce the annual report on time is not a severe violation. Moreover, plaintiff has not alleged a significant impact on the election or alleged that the City's failure to timely produce the report affected the result. Plaintiff instead makes general claims that lack of the report prevented voters from being properly informed. Finally, plaintiff did not allege that the City or the mayor acted deliberately to affect the outcome of the election. In sum, plaintiff's complaint failed to assert a legal basis for invalidating the election. See Daims v. Town of Brattleboro, 2016 VT 55, ¶ 19, 202 Vt. 276 (concluding that case was not distinguishable from Putter and failed to allege facts to justify remedy of invalidating election). Therefore, we conclude that the court properly granted defendants' motion to dismiss.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice