VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     23-AP-114



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2023

Lance Mason* v. Department of Corrections     }     APPEALED FROM:

        }     Superior Court, Orleans Unit, Civil Division

        }     CASE NO. 22-CV-03175

        Trial Judge: Daniel Richardson

In the above-entitled cause, the Clerk will enter:

Petitioner appeals a civil division order dismissing without prejudice his complaint for review of governmental action.  We affirm.

The record reveals the following facts.  Petitioner is in the custody of the Department of Corrections (DOC).  Petitioner was released on parole in January 2021 and after three significant violations, the Parole Board revoked his parole in May 2022.  A case-staffing team of the DOC subsequently decided to impose a two-year furlough interrupt based on the parole revocation.  Petitioner appealed to the DOC Commission, which denied the appeal.  In August 2022, petitioner filed a complaint under Vermont Rule of Civil Procedure 74, indicating that he wished to appeal a furlough case-staffing decision by the DOC.  Under 28 V.S.A. § 724(c)(1), "[a]n offender whose community supervision furlough status is revoked or interrupted for 90 days or longer <u>for a technical violation</u> shall have the right to appeal the Department's determination to the Civil Division of the Superior Court in accordance with Rule 74 of the Vermont Rules of Civil Procedure."  (Emphasis added).

The DOC moved to dismiss the case for lack of subject-matter jurisdiction or for failure to state a claim under Vermont Rule of Civil Procedure 12(b).  The DOC argued that § 724 was not applicable to petitioner because his furlough interruption was based on parole revocation, not technical violations of his furlough.

The trial court granted the motion to dismiss in part, dismissing petitioner's Rule 74 complaint for lack of subject-matter jurisdiction and failure to state a claim because petitioner did not have a right to appeal under § 724 or Rule 74.  However, because petitioner appeared to raise issues that could be reviewable under Vermont Rule of Civil Procedure 75, the court gave

petitioner until February 10, 2023, to file an amended petition. In response to filings from petitioner, the trial court subsequently reiterated that petitioner was required to provide "short, succinct, and clear articulations of [his] claim, his legal theory, and the basic facts that support these assertions." After petitioner failed to file an amended complaint, the court dismissed the action without prejudice in March 2023. Petitioner appeals.

We review a dismissal for failure to state a claim without deference to the trial court using the same standard and will uphold the dismissal "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). Here, petitioner's complaint sought relief under Rule 74 from the DOC's furlough decision. Although we construe facts in the complaint in petitioner's favor when deciding a motion to dismiss for failure to state a claim, the undisputed facts here are that petitioner's interruption from furlough eligibility was based on his parole revocation. See id. ¶ 17 (providing that allegations in complaint are taken as true). This claim was therefore outside the scope of relief available under Rule 74 and 28 V.S.A. § 724. Consequently, petitioner's complaint failed to state a claim and was properly dismissed under Rule 12.

Petitioner's arguments to the contrary are unavailing. Petitioner argues that the trial court erred in dismissing his case without providing an adequate opportunity for petitioner to amend his original complaint, and that the dismissal results in denial of access to the courts. The record does not support this assertion. The trial court provided petitioner with an opportunity to amend his complaint and allowed adequate time to comply. On December 22, 2022, the court gave petitioner almost two months to file an amended complaint—until February 10, 2023. The court did not dismiss until over a month later, on March 22, 2023. In the interim, petitioner filed several items with the court, but did not amend his complaint. Because petitioner did not amend his complaint, the complaint continued to lack a valid claim and was properly dismissed under Rule 12.*

There is no merit to petitioner's argument that he was entitled to judgment as a matter of law. The complaint does not state a claim for relief or provide a basis for judgment as a matter of law.

Finally, petitioner's assertion that the trial judge violated various judicial-conduct rules by dismissing the case lacks support. The court properly considered the DOC's motion to

---

* In the final dismissal order, the trial court cited Vermont Rule of Civil Procedure 41(b)(2), which allows the court to dismiss a case if the plaintiff fails to, among other things, comply with an order of the court, and the defendant has moved for dismissal. Here, although petitioner failed to comply with the court's order to file an amended complaint, defendant did not move to dismiss for failure to comply and therefore dismissal on this basis was improper. However, because the complaint was not amended, it continued to fail to state a claim and was properly dismissed under Rule 12. The DOC has not cross-appealed and therefore we do not address whether the dismissal without prejudice was proper. See Huddleston v. Univ. of Vt., 168 Vt. 249, 255 (1998) (explaining that appellee "seeking to challenge aspects of a trial court's decision must file a timely cross-appeal").

dismiss, provided petitioner with an explanation for the dismissal decision, and gave petitioner an opportunity to amend the complaint.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice

3