**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      23-AP-402



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2024

Jason Herron\* v. Town of Guilford
}
}
}
}

APPEALED FROM:
Superior Court, Windham Unit,
Civil Division
CASE NO. 23-CV-01811
Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the dismissal of his complaint against the Town of Guilford. We affirm.

Plaintiff filed a complaint against the town in May 2023, alleging various violations of Vermont's Open Meeting Law under 1 V.S.A. §§ 310-314. The Town moved to dismiss the complaint for failure to state a claim upon which relief could be granted and the court granted its request. In reaching its decision, the court recounted the following information. Plaintiff's complaint alleged that: (1) the selectboard chair violated 1 V.S.A. § 312(g) by contacting the Town's law firm for legal advice; (2) the selectboard violated 1 V.S.A. § 312(h) and § 314(a) by allowing plaintiff five minutes to speak on agenda items at a May 2022 public meeting and declining to provide him with additional time; (3) the Town administrator violated 1 V.S.A. § 312(g) by contacting the town's law firm; and (4) the selectboard members gathered in violation of 1 V.S.A. § 310.

The court reviewed the relevant provisions of the Open Meeting Law and the standard applicable to motions to dismiss. With respect to the first and third counts, the court found that plaintiff offered no support for his assertion that Town officials could not seek legal counsel about Town business without violating the Open Meeting Law. It rejected plaintiff's suggestion that Town officials must instead conduct their own research, contact the Vermont League of Cities and Towns, or seek specific approval before contacting counsel at a warned public meeting of the legislative body. The court found that the Open Meeting Law imposed no such limitations. It explained that Town officials, such as those here, were entrusted with managing the Town's business. When their judgment led them to seek legal advice about that business, they must be free to contact legal counsel about routine, day-to-day administrative matters, such as those alleged here, without first having a public meeting of the legislative body to approve it. The court noted that the Town officials remained accountable to the voters for the way in which they managed Town affairs, and the court found the law's purpose satisfied. Had the Legislature

wanted to restrict these types of consultations, the court continued, it could have done so. The court concluded that plaintiff's novel claim lacked support in the statute or in any case law.

The court found the second count equally deficient. The Open Meeting Law provides that "the public shall be given a reasonable opportunity to express its opinion on matters considered by the public body during the meeting, as long as order is maintained." 1 V.S.A. § 312(h). Plaintiff admitted that he was allotted five minutes to address the selectboard and that the selectboard had adopted a five-minute limit before he spoke at the meeting. The court found that the Open Meeting Law did not require more. Plaintiff's complaint did not make clear how the town violated the Open Meeting Law in these circumstances, which was fatal to plaintiff's claim.

Finally, the court found that in his fourth count, plaintiff presented a rambling narrative in which he appeared to complain that the selectboard met in violation of the Open Meeting Law. Plaintiff failed to assert any facts, however, that would establish a right to a cause of action under the Open Meeting Law, or give a reasonable person notice of his claim. Thus, for the reasons above, the court granted the town's motion to dismiss. This appeal followed.

Plaintiff argues on appeal that the court misunderstood the thrust of his alleged violations. He questions various statements made by the court in its decision and contends that the court erred in concluding that dismissal was warranted.

On review, we apply the same standard as the trial court. Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420. We "will uphold a motion to dismiss for failure to state a claim only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Id. (quotation omitted). We accept "as true all facts as pleaded in the complaint," and "all reasonable inferences derived therefrom," and we "assume as false all contravening assertions in the defendant's pleadings." Id. We do not "accept conclusory allegations or legal conclusions masquerading as factual conclusions," however. Rodrigue v. Illuzzi, 2022 VT 9, ¶ 33, 216 Vt. 308 (quotation omitted). Our review "is limited to determining whether the bare allegations of the complaint are sufficient to state a claim." Birchwood Land Co., 2015 VT 37, ¶ 6 (quotation omitted).

We agree with the trial court that dismissal was warranted here. Plaintiff challenges statements in the court's decision that are not material to our decision and otherwise raises arguments that do not support reversal here. The court was aware of plaintiff's contention that the Town should seek legal advice through means other than contacting its legal counsel. It did not err in construing his claimed violations to include an assertion that the Town could not contact its legal counsel without first holding a public meeting of the legislative body to approve it. We agree with the trial court that this claim is legally unfounded. The Town selectboard is entrusted with "the general supervision of the affairs of the town and shall cause to be performed all duties required of towns and town school districts not committed by law to the care of any particular officer." 24 V.S.A. § 872(a). In carrying out these duties, the Town may seek legal advice to ensure compliance with the laws governing its actions without first holding a public meeting. The law concerning joint authority under 1 V.S.A. § 172, cited by plaintiff, is not implicated here. While plaintiff asserts that the request for legal advice encumbered Town funds in violation of 1 V.S.A. § 312(g), plaintiff acknowledges that the selectboard previously voted to retain the services of a law firm for the town and budgeted for this expense. He complains, however, that only the Town, and not the selectboard, can access these services. Plaintiff provides no authority for the proposition that the Town's selectboard should not be considered

part of the Town. The court did not err in considering plaintiff's alleged violations one and three, which concerned the redaction of material deemed subject to attorney-client privilege in an invoice from the Town's legal counsel, together. Plaintiff does not show that this violated the law. The court did not err in observing, moreover, that Town officials, presumably referencing elected officials, are accountable to the voters.

Plaintiff's remaining counts were also appropriately dismissed. Plaintiff was provided an opportunity to speak at the May 2022 public meeting. His desire for more speaking time does not establish a violation of the law. He fails to identify facts with respect to his fourth alleged violation that would support his claim. He merely speculates about possible discussions that might have occurred when the selectboard members gathered for purposes of distributing materials. See 1 V.S.A. § 310(3)(C) (identifying exceptions to definition of "meeting," including gatherings to distribute materials or other types of gatherings where no public business is discussed). We reject his proposed construction of § 310(3).

Throughout his brief, plaintiff fails to properly support his arguments with citations to the trial court record, and it is not clear that all of the information he provides in his brief was raised below. See In re S.B.L., 150 Vt. 294, 297 (1988) (recognizing that it is appellant's burden "to demonstrate how the lower court erred warranting reversal" and that this Court "will not comb the record searching for error"); V.R.A.P. 28(a)(4)(A) (explaining that appellant's brief must include "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"). Having considered the terms of plaintiff's complaint, we find no error in the court's dismissal for failure to state a claim upon which relief could be granted. In reaching our conclusion, we have considered all arguments discernible in plaintiff's brief and find them all without merit.

Affirmed.


BY THE COURT:


Paul L. Reiber, Chief Justice


Harold E. Eaton, Jr., Associate Justice


Karen R. Carroll, Associate Justice