Filed 10/07/25

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT  05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-02764

---

**David Nepveu v. Gabriel Eldred**

---

# ENTRY REGARDING MOTIONS

Title:      Motion to Pay Rent into Court; Motion to Dismiss (Motions: 1; 2)
Filer:      David Nepveu; Everett M. Secor
Filed Date:    June 30, 2025; August 18, 2025

## Background

In this case, plaintiff David Nepveau filed a complaint on June 30, 2025, to evict defendant Gabriel Eldred from a room that David rents to Gabriel in Apartment #4 at 1738 Garfield Road in Hyde Park. The afternoon before a scheduled rent escrow hearing, Gabriel moved to dismiss the case for failure to state a claim for which relief can be granted. The court then continued the rent escrow hearing pending resolution of the motion to dismiss. For the reasons set forth below, the motion to dismiss is denied. The clerk shall reschedule the hearing on the motion to pay rent into court.

## Analysis

A complaint should be dismissed for failure to state a claim under Rule 12(b)(6) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* Ultimately, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim." *Id.* Documents relied on in a complaint merge into the pleadings and may be considered on a motion to dismiss. *Sutton v. Purzycki*, 2022 VT 56, ¶ 20, 217 Vt. 326.

Gabriel argues that the complaint should be dismissed because David's notice of termination of tenancy was defective, and because the CARES Act declaration attached to the complaint in this case was defective.

The complaint attached two notices of termination. The first is dated April 27, 2025, and provides notice that Garbiel's lease is being terminated on May 31, 2025. The notice

does not provide a cause for the termination. The complaint alleges that this notice was sent by first class mail on April 27, and postmarked April 29. The second notice is dated May 12, 2025, and provides "the tenant has 14 days' notice to pay the past due amount mentioned below for the rental period from April 1, 2025 to May 31, 2025," that the amount owed at that time was $1,050, and that "[i]f payment is not made in full within the required timeframe, the tenant will be required to quit and deliver possession of the Premises." The complaint alleges this notice was hand-delivered to Garbiel on May 12, and also sent by first-class mail and text message the same date.

Gabriel argues the April 27 notice is defective because it does not identify a cause for termination and provides insufficient notice for a no-cause termination. The court agrees with Gabriel on these points and concludes the April 27 notice did not legally terminate Gabriel's tenancy. *See* 9 V.S.A. § 4467(c)(1) (requiring at least 60 days' notice for a no-cause termination when rent is payable monthly); *Andrus v. Dunbar*, 2005 VT 48, ¶ 13, 178 Vt. 554 ("[T]he tenant cannot be put in the position of having to speculate on the meaning and legal effect of the landlord's actions.").

Gabriel argues the May 12 notice is ineffective because it does not specifically state a termination date, but rather just has "a floating date of 14 days," which according to Gabriel, is confusing because the notice was served by multiple methods and thus received by Gabriel multiple times on different dates. The court is not persuaded. The notice is clearly dated May 12 and, as alleged, was hand-delivered (and texted) to Gabriel on May 12. Gabriel thus received actual notice of the termination on May 12. *See* 9 V.S.A. § 4451(1) ("'Actual notice' means receipt of written notice hand-delivered or mailed to the last known address."). The notice further provides that Gabriel has 14 days—*i.e.*, until May 26—to pay his back rent or vacate. Gabriel was not required "to speculate on the meaning and legal effect of [his] landlord's actions." *See Andrus*, 2005 VT 48, ¶ 13. The court's conclusion on this point is not altered by David also having sent the May 12 notice by first class mail. The complaint alleges that the notice sent by mail was the same notice hand. Accepting that allegation as true, as the court must on a motion to dismiss, there is basis to conclude that Gabriel would have been confused by his subsequent receipt of a mailed copy given the notice's unambiguous date and timeframe and the prior hand-delivery. The court declines to dismiss the complaint on this basis.

Finally, the court declines to dismiss the complaint based on the purportedly defective CARES Act declaration. Dismissal under Rule 9.2 is discretionary. David has cured the alleged defect by filing an amended declaration. Gabriel neither claims prejudice nor argues that the room he rents from David is covered by the CARES Act.

## Order

The motion to dismiss is DENIED. The clerk shall reschedule the hearing on the motion to pay rent into court.

Electronically signed on: 10/7/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge