Filed 09/24/25

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01449

---

**John Ford v. Marek Polomsky, MD, et al**

---

## ENTRY REGARDING MOTIONS

In this case, plaintiff John Ford, proceeding pro se, alleges that defendant Dr. Marek Polomsky, an employee of the University of Vermont Medical Center (UVMMC), committed a battery against him by placing an unauthorized medical device in his body during surgery. Pending before the court are defendants' motion to dismiss the complaint and plaintiff's motion for leave to file a sur-reply in opposition of the motion to dismiss.

Defendants' motion for leave to file a sur-reply is granted. For the reasons set forth below, defendants' motion to dismiss the complaint is granted.[1]

### Background

The following facts are taken from plaintiff's complaint or the documents referenced therein. On October 4, 2022, plaintiff John Ford was admitted to UVMMC for severe coronary blockage. After initially declining surgery, John met with Dr. Polomsky and agreed to bypass surgery. The following day, John and Dr. Polomsky both signed a "Consent for Procedure" form stating: "I, hereby authorize Dr. Polomsky . . . to perform the following: coronary artery bypass graft surgery, endoscopic vein harvest, left atrial appendage clip." Compl. ¶ 4; Defs.' Mot., Exh. A. These three specific procedures were handwritten on the form, the rest of which was boilerplate. The boilerplate portion of the consent form further states that Dr. Polomsky explained the "proposed procedure," and the risk and benefits thereof, and noted that some additional risks of "the procedure" may include "death, stroke, arrhythmias." Exh. A. Despite the consent form, John alleges he did not authorize the atrial appendage clip.

The procedures were performed, and John had a follow-up visit on March 21, 2023, at which Dr. Polomsky discussed John's general recovery but did not specifically mention the atrial appendage clip or order post-operative imaging to check the device for complications. John alleges that he did not authorize the atrial clip, and that the

---

[1] Plaintiff initially pled a claim for breach of fiduciary duty against both Dr. Polomsky and UVMMC but has moved to voluntarily dismiss that claim. Defendants do not oppose that motion. Accordingly, the breach of fiduciary duty claims is dismissed. *See* V.R.C.P. 41(a)(2).

unauthorized placement of the device has resulted in permanent heart damage, severe emotional distress, and diminished quality of life.

## Analysis

A complaint should be dismissed under Rule 12(b)(6) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* Ultimately, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim." *Id.* Documents relied on in a complaint merge into the pleadings and may be considered on a motion to dismiss. *Sutton v. Purzycki*, 2022 VT 56, ¶ 20, 217 Vt. 326.

Dr. Polomsky argues that the complaint for medical battery fails to state a claim for which relief can be established because John signed a consent form authorizing her to install the atrial clip.

Battery "is an intentional act that results in harmful contact with another." *Christman v. Davis*, 2005 VT 119, ¶¶ 6-7, 179 Vt. 99 (citing Restatement (Second) of Torts § 13 (1965)). "In a medical context, a health care provider commits battery if the provider performs a procedure for which the patient has not given consent." *Id.* The Vermont Supreme Court has further explained:

> Generally, battery occurs only when a physician performs an operation for which there was no consent. If the patient does provide consent for the procedure employed, but receives inadequate disclosures of the alternatives and foreseeable risks and benefits of the alternatives, liability must be based on lack of informed consent, and a claim of medical malpractice in failing to provide the necessary disclosures. . . . 'The battery theory should be reserved for those circumstances when a doctor performs an operation to which the patient has not consented. When the patient gives permission to perform one type of treatment and the doctor performs another, the requisite element of deliberate intent to deviate from the consent given is present. However, when the patient consents to certain treatment and the doctor performs that treatment but an undisclosed inherent complication with a low probability occurs, no intentional deviation from the consent given appears; rather, the doctor in obtaining consent may have failed to meet his due care duty to disclose pertinent information. In that situation the action should be pleaded in negligence [i.e., medical malpractice].'

*Id.* (quoting *Cobbs v. Grant*, P.2d 1, 8 (Cal. 1972)).

Here, John's complaint and the consent form, which is incorporated by reference therein, make clear that he expressly provided consent for placement of the left atrial appendage clip that he now claims was a battery. It is not reasonable to conclude, as John argues, that the use the singular "procedure" in the boilerplate portion of the consent form

somehow negated his consent for the three specific procedures that were handwritten on the form that he and Dr. Polomsky signed, including placement of a "left atrial appendage clip." *See* Compl. ¶ 4; Defs.' Mot., Exh. A.

Because John expressly provided consent for the placement of the left atrial appendage clip, he has failed to state a claim for medical battery against Dr. Polomsky. And because that is only claim remaining in the complaint, defendants' motion to dismiss must be granted.

## Order

Defendants' motion to dismiss the medical battery claim is GRANTED (Motion 1). Plaintiff's motion to voluntarily dismiss the fiduciary duty claim is GRANTED (Motion 3). Plaintiff's motion file a sur-reply is GRANTED (Motion 4). The clerk shall close the case.

Electronically signed on: 9/24/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge