Filed 03/24/26

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-03992

**Steven Kinney v. State of Vermont, by and through the Vermont Department of Corrections**

## ENTRY REGARDING MOTION

Title:       Motion to Dismiss (Motion: 2)
Filer:       Alison L. T. Powers; Pamela Eaton
Filed Date:  December 05, 2025

In this case, plaintiff Steve Kinney alleges that he was injured and did not receive appropriate medical care after he slipped and fell while incarcerated at Northern State Correctional Facility. Defendant State of Vermont, by and through the Vermont Department of Corrections (the Department), now moves to dismiss the complaint for failure to state a claim for which relief can be granted. Because plaintiff has failed to allege facts establishing a prima facie case of negligence and because the medical care claims are not supported by a certificate of merit as required by 12 V.S.A. § 1042(a), the motion to dismiss is granted.

### Background

Plaintiff alleges the following facts in his complaint. On March 13, 2023, plaintiff was incarcerated at Northern State. During "yard call," plaintiff went for walk on the "loop," a common footpath in the yard, while wearing his prison-issued shoes. The loop was covered in snow, and while walking, plaintiff slipped on a patch of ice beneath the snow and broke his ankle. After first attempting to get plaintiff to walk on the injured ankle, Department staff then had plaintiff transported to North Country Hospital where he was given a splint for the broken ankle but no other treatment. He was returned to his cell and later placed in segregation without additional medical treatment. Approximately one week after the injury, plaintiff was transported to Southern State Correctional Facility and underwent surgery. Following his return to Northern State, plaintiff was not allowed to go outside or have recreation time and was not consistently allowed to use support aids like crutches or a cane. Plaintiff was also denied medically necessary footwear. Plaintiff was released from custody in July 2025. He has suffered permanent damage because of his injury, which has caused him ongoing pain and suffering and limited his ability to resume his intended career in the construction industry.

Plaintiff filed this complaint in September 2025, and pleads claims for negligence (Count I), premises liability (Count II), failure to provide appropriate medical care (Count

1

III), and reckless indifference in providing such care (Count IV). Defendant now moves to dismiss the complaint for failure to state a claim for which relief can be granted.

## Analysis

A complaint should be dismissed under Rule 12(b)(6) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* Ultimately, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim." *Id.*

The Department argues the negligence counts (Counts I and II) should be dismissed because plaintiff has not alleged a prima facie case of negligence.

To state a claim for negligence, a plaintiff must allege facts establishing "a legal duty owed by defendant to plaintiff, a breach of that duty, actual injury to the plaintiff, and a causal link between the breach and the injury." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 14, 209 Vt. 514. The Department has a statutory duty to "take proper measures to protect the safety of inmates" and to "maintain and improve the buildings, grounds, and appurtenances of the facility." 28 V.S.A. § 601(3), (5). Moreover, plaintiff has alleged that he fell on the grounds and was injured as a result. The question thus is whether the facts alleged show that the Department breached its duty of care either by failing to remove the ice and snow in the yard or by failing to warn plaintiff of the risks posed by ice and snow. They do not. The complaint alleges when plaintiff reported to "yard call" is his prison-issued shoes, the yard was covered with snow and "had not been shoveled or plowed," but that plaintiff "proceeded to walk through the snow" on the "loop" when he "stepped on a patch of ice obscured by snow, which caused him to slip and fall down." Compl. ¶¶ 11-14. On these alleged facts, plaintiff assumed the risk of slipping and falling. The court sees no basis in Vermont law to impose upon the Department a duty to keep the yard of Northern State free of snow and ice, or to warn inmates that walking through accumulated snow and ice in prison footwear involves a risk of slipping and falling. *Compare, e,g.*, *LeClair v. LeClair*, 2017 VT 34, ¶ 13 (one who "knows the actual conditions . . . is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk" unless landowners should "anticipate that the dangerous conditions will cause physical harm . . . notwithstanding its known or obvious danger" (quoting Restatement (Second) Torts § 343A(e), (f)).

Because plaintiff has not alleged facts that establish the Department breached its duty of care to plaintiff, Counts I and II are dismissed for failure to state a claim for which relief can be granted.

The Department next argues that any claims based on the failure to provide adequate medical care must fail because (i) plaintiff did not provide a certificate of merit with his complaint, and (ii) any claims for injunctive relief were not exhausted.

By statute, a plaintiff cannot file a civil action to recover damages for personal injury if the injury allegedly "resulted from the negligence of a health care provider, unless the attorney or party filing the action files a certificate of merit simultaneously with the filing of the complaint." 12 V.S.A. § 1042(a). The failure to file the certificate is "grounds for dismissal of the action without prejudice, except in the rare instances in which a court determines that expert testimony is not required to establish a case for medical malpractice." *Id.* § 1042(e); *see also Bittner v. Centurion of Vermont, LLC*, 2021 VT 73, ¶ 9, 215 Vt. 475. Because plaintiff seeks to recover damages for personal injury allegedly resulting from the negligence of the Department (and its healthcare contractor) in providing plaintiff with medical care, the failure to file a certificate of merit is fatal to plaintiff's claim. This is not the "rare" case where the appropriate medical care for plaintiff's injury would be obvious to a layperson without "reference to professional standards of care." *See Bittner*, 2021 VT 73 ¶ 41 (quotations omitted).

Because both Counts III and IV seek recovery based on the Department's allegedly inadequate provision of medical care, they are dismissed because of plaintiff's failure to file a certificate of merit.[1]

Having decided the motion on the grounds set forth above, the court declines to reach the Department's argument that plaintiff failed to exhaust his administrative remedies.

## Order

The motion to dismiss is GRANTED.


Electronically signed on: 3/23/2026 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge

---

[1] Regardless of whether the Department's alleged failure is described as reckless or merely negligent, the gravamen of both Counts III and IV is that the Department failed to provide medical in accordance with professional standards.

3