VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-121

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2025

Richard Welch, Jr.\* v. Nicholas Deml

}  APPEALED FROM:
}
}  Superior Court, Orleans Unit, Civil Division
}  CASE NO. 24-CV-01209
     Trial Judge: Benjamin Battles

In the above-entitled cause, the Clerk will enter:

Plaintiff Richard Welch, Jr., appeals a civil division order dismissing his amended complaint.  We affirm.

Plaintiff is self-represented and an inmate in the custody of the Vermont Department of Corrections (DOC).  His September 2024 amended complaint named a single defendant—Nicholas Deml, who was then the DOC Commissioner.  Plaintiff alleged that various DOC employees had violated his rights under the First, Fourth, and Eighth Amendments to the U.S. Constitution and sought $6 million in monetary damages.

Defendant moved to dismiss under Vermont Rule of Civil Procedure 12(b)(6), arguing that plaintiff's amended complaint failed to state a claim upon which relief could be granted.  The trial court agreed and dismissed.  It explained that while 42 U.S.C. § 1983 creates a cause of action against state officials for violation of federal rights, such claims are not maintainable against state employees in their official capacities, and plaintiff failed to allege any personal involvement by defendant that would support a claim against him in his individual capacity.  This appeal followed.

We review the grant of a motion to dismiss under Rule 12(b)(6) without deference, applying the same standard used below.  Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420.  Dismissal is proper "when it is beyond doubt that there exist no facts or circumstances, consistent with the complaint[,] that would entitle the plaintiff to relief."  Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575 (mem.).  In conducting this analysis, "[w]e assume that all factual allegations pleaded in the complaint are true," and afford plaintiff the benefit of any "reasonable inferences."  Dernier v. Mortg. Network, Inc., 2013 VT 96, ¶ 23, 195 Vt. 113.

Plaintiff's arguments on appeal are somewhat difficult to discern.  To the extent he contends that the trial court mischaracterized his amended complaint as raising constitutional tort claims under 42 U.S.C. § 1983, we see no error.  "Claims for violations of federal constitutional rights are asserted under 42 U.S.C. § 1983, which provides a remedy for individuals who allege they have been deprived of a federal right by those acting under color of state law."  Brown v.

<u>State</u>, 2018 VT 1, ¶ 13, 206 Vt. 394. Although plaintiff's pleadings did not expressly reference the federal statute, it was clear he was alleging that state actors violated his rights under the U.S. Constitution. The trial court did not err in analyzing his claims under § 1983. See, e.g., <u>id</u>. ¶ 14 (explaining that while plaintiff's "complaint did not expressly reference" § 1983, "it is the vehicle for persons claiming to have been deprived of federal constitutional rights" by state actors and her allegations thus appropriately "trigger[ed] 42 U.S.C. § 1983 analysis").

Plaintiff also argues that he has not been sentenced and, as a result, is subject to "a different set of rules" than inmates who have been convicted and are incarcerated under sentence. He does not, however, expound on this assertion, cite to any supporting authority, or explain how it bears on the trial court's analysis of his amended complaint under Rule 12(b)(6). We therefore decline to address this argument as inadequately briefed. See V.R.A.P. 28(a)(4) (requiring that appellant's brief include "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"); <u>Pcolar v. Casella Waste Sys. Inc.</u>, 2012 VT 58, ¶ 19, 192 Vt. 343 (explaining that self-represented litigants must satisfy minimum briefing standards of Rule 28(a)(4) and declining to address inadequately briefed argument).

Nor does plaintiff otherwise identify error in the order below. Section 1983 "applies only to actions against persons," and "a state official sued for damages in his or her official capacity is [] not a person for purposes of § 1983." <u>Shields v. Gerhart</u>, 155 Vt. 141, 150 (1990) (citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 64-66 (1989)); see 42 U.S.C. § 1983 (creating cause of action against "person" who deprives another of federal rights under color of state law). Thus, plaintiff's § 1983 claim could only be asserted against defendant in his individual capacity. In order to maintain an individual-capacity claim, however, plaintiff needed to allege "personal involvement of the defendant in the alleged constitutional violations." <u>Colby v. Umbrella, Inc.</u>, 2008 VT 20, ¶ 7, 184 Vt. 1. As the court below observed, the amended complaint is devoid of any such allegation. Plaintiff has not demonstrated that the trial court erred in concluding that his amended complaint failed to state a claim against defendant and in granting defendant's motion to dismiss on this basis.

<u>Affirmed</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice

2